

**ORDERED in the Southern District of Florida on June 17, 2009.**

John K. Olson, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>TOUSA, INC., *et al.*,<br><br>　　　　　　Debtors. | Chapter 11 Cases<br><br>Case No. 08-10928-JKO<br><br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TOUSA, INC., *et al.*,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>CITICORP NORTH AMERICA, INC., *et al.,*<br><br>　　　　　　Defendants. | Adv. Pro. No. 08-01435-JKO |

**ORDER GRANTING THE CIT GROUP/BUSINESS CREDIT, INC.'S EMERGENCY *EX PARTE* MOTION TO APPROVE A STIPULATION AND ORDER DISMISSING WITH PREJUDICE THE CIT GROUP/BUSINESS CREDIT, INC. FROM ADVERSARY PROCEEDING NO. 08-01435 [D.E. 376]**

THIS CAUSE came before the Court without a hearing on the Emergency *Ex Parte* Motion to Approve a Stipulation Among The CIT Group/Business Credit, Inc., the Official Committee of Unsecured Creditors of Tousa, Inc., and the Transeastern Lenders Dismissing With Prejudice The CIT Group/Business Credit Inc. from Adversary Proceeding No. 08-01435 (the "Motion") [D.E. 376]. Upon consideration of the Motion, the Stipulation and Order Dismissing The CIT Group/Business Credit, Inc. from Adversary Proceeding No. 08-01435 (the "Stipulation"), and the record before the Court, it is hereby

**ORDERED:**

1.   The Motion is **GRANTED**.

2.   The Stipulation, attached as **Exhibit A** to this Order, is incorporated herein in its entirety by reference.

3.   The Stipulation is approved in its entirety and is "so ordered" by the Court.

4.   Any party in interest may file an objection to the Stipulation within ten (10) days from the entry of this Order. If there are no objections filed within ten (10) days, this Order will be deemed final without further action by this Court.

5.   This Court shall retain jurisdiction with respect to all matters arising from the implementation of the Stipulation and this Order.

###

Submitted by:

Craig V. Rasile, Esq.
Hunton & Williams LLP
1111 Brickell Avenue - Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
E-mail: crasile@hunton.com

*(Attorney Rasile shall mail a conformed copy of this Order upon all interested parties and shall file a certificate of service)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: <br> TOUSA, INC., *et al.*, <br><br> Debtors. | Chapter 11 Cases <br><br> Case No. 08-10928-JKO <br><br> Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TOUSA, INC., *et al.*, <br><br> Plaintiff, <br> v. <br><br> CITICORP NORTH AMERICA, INC., *et al.*, <br><br> Defendants. | Adv. Pro. No. 08-01435 |

## STIPULATION AND ORDER DISMISSING THE CIT GROUP/BUSINESS CREDIT, INC. FROM ADVERSARY PROCEEDING NO. 08-01435

This Stipulation and Order is entered by and among The Official Committee of Unsecured Creditors of TOUSA, Inc. ("Committee" or "Plaintiff"), the Transeastern Lenders,[1] and The CIT Group/Business Credit, Inc. ("CIT," and together with the Committee and the Transeastern Lenders, the "Parties"). The Parties hereby stipulate as follows:

1. Debtors EH/Transeastern, LLC ("EHT") and TE/TOUSA Senior, LLC ("TOUSA Senior"), the managing member and sole owner of EHT, entered into a Senior Credit Agreement, dated August 1, 2005 (the "Senior Credit Agreement"), with a group of lenders (the "Original Lenders"). TE/TOUSA Mezzanine LLC ("TOUSA Mezz") owned all of the membership interests in TOUSA Senior and TE/TOUSA Mezzanine Two LLC ("TOUSA Mezz II") owned

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Third Amended Complaint filed by the Committee in the captioned adversary proceeding.



all of the membership interests in TOUSA Mezz. ( EHT, TOUSA Senior, TOUSA Mezz and TOUSA Mezz II together are the "Transeastern JV Subsidiaries"). TOUSA Homes LP, a wholly owned subsidiary of TOUSA, Inc. ("TOUSA"), and Falcone/Ritchie LLC formed the Transeastern Joint Venture ("Transeastern JV"), which consisted of the Transeastern JV Subsidiaries.

2. Pursuant to the terms of the Senior Credit Agreement, the Original Lenders agreed to extend certain credit facilities to EHT and TOUSA Senior in the aggregate principal amount of $450,000,000.00, consisting of Term Loans in the aggregate principal amount of $335,000,000.00, and revolving loans, swing line loans and letters of credit in the aggregate principal amount of up to $115,000,000.00.

3. Under the terms of the Senior Credit Agreement, the Original Lenders appointed Deutsche Bank Trust Company Americas ("DB Trust") as Administrative Agent for the Original Lenders.

4. Pursuant to Amendment No. 2 to the Senior Credit Agreement, dated March 13, 2007, CIT succeeded DB Trust as Administrative Agent under the Senior Credit Agreement.

5. As successor Administrative Agent to DB Trust, CIT succeeded to all rights, duties and obligations of the Administrative Agent under the terms of the Senior Credit Agreement.

6. As of July 31, 2007, the outstanding principal balance, interest, and fees owed to the Original Lenders and/or their successors, assigns or record holders of the debt (the "Transeastern Lenders"), including per diem interest for August 1, 2007, was $421,015,089.15.

7. On July 31, 2007, CIT, as Administrative Agent, received from Universal Land Title, a wholly-owned subsidiary of TOUSA, a wire transfer in the sum of $426,383,828.08 (the "CIT Transfer").

8. CIT disbursed proceeds of the CIT Transfer by wire transfers on July 31, 2007 and August 1, 2007 in the amounts and to the Transeastern Lenders as shown on Exhibit A (CIT000013809-13) and Exhibit B (CIT000019258-63) to this stipulation.

9. CIT disbursed additional proceeds of the CIT Transfer, in the amount of $5,368,738.93, to third-parties as payment for professional, advisory and other fees, in the amounts and to the recipients identified on lines 3-9 of Exhibit C (CIT000014263) to this stipulation. Not shown on Exhibit C is a $2,000.00 per diem fee paid to CIT.

10. CIT received no part of the CIT Transfer in satisfaction of any debt owed to it, but received payment only of fees owed to it as Administrative Agent.

11. On January 28, 2008, TOUSA and its subsidiaries filed petitions for relief under Title 11 of the United States Code.

12. On February 13, 2008, the Committee was appointed by the Office of the United States Trustee for the Southern District of Florida to act on behalf of the estate of TOUSA and its subsidiaries.

13. On July 14, 2008, the Committee, on behalf of the estate, brought the above-captioned adversary proceeding (the "Adversary Proceeding") against CIT, the Transeastern Lenders and certain other parties.

14. The Committee asserted various avoidance claims in the Adversary Proceeding against CIT and the Transeastern Lenders under 11 U.S.C. §§ 544, 548 and 550 and related state statutes in connection with the CIT Transfer.

15. CIT was not a lender under the Senior Credit Agreement and at no time held any portion of the outstanding indebtedness represented by any of the loans issued under the Senior Credit Agreement for its own account.

16. The scope of CIT's rights, duties and obligations as Administrative Agent with respect to the proceeds of the CIT Transfer were set forth and articulated in the Senior Credit Agreement.

17. Upon receipt of the CIT Transfer, CIT immediately disbursed the proceeds as described herein to, among others, the Transeastern Lenders, as required by Section 2.7 and Article VII of the Senior Credit Agreement.

18. The parties stipulate that CIT was not the initial transferee of the CIT transfer or the entity for whose benefit the transfer was made within the meaning of 11 U.S.C. 550(a)(1).

19. The parties agree that CIT was a "mere conduit" in connection with the CIT Transfer.

20. For the purposes of the claims asserted by the Parties in the Adversary Proceeding, the Parties will not argue that there is any legal significance to the role played by CIT in the disbursement of funds in the transactions that occurred on July 31, 2007 or that CIT played any role other than as a mere conduit.

21. Accordingly, the Third Amended Complaint is hereby dismissed with prejudice as against CIT. Nothing in this stipulation shall prevent any party to the Adversary Proceeding from calling any current or former employee of CIT as a witness or from offering into evidence any documents produced by CIT in discovery.

22. This Court shall retain jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Stipulation.

23. Each person who executes this Stipulation by or on behalf of each respective party warrants and represents that he has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such party.

24. This Stipulation may be executed in counterparts and a facsimile or PDF copy of a signature on this stipulation shall be acceptable as an original.

**Stipulated and Agreed to:**

Counsel for The CIT Group/Business Credit, Inc.

_____    Date: JUNE 15, 2009
Craig V. Rasile
Richard P. Norton
Ryan A. Becker
Matthew Mannering
HUNTON & WILLIAMS LLP
1111 Brickell Avenue
Suite 2500
Miami, Florida 33131
Telephone:    (305) 810-2500
Facsimile:    (305) 810-2460


Counsel for Official Committee of Unsecured Creditors of TOUSA, Inc.

_____    Date: June 15, 2009
Lawrence S. Robbins
Alan D. Strasser
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street N.W., Suite 411-L
Washington, D.C. 20006
Telehone:    (202) 755-4500
Facsimile    (202) 775-4510

5

Counsel for the Transeastern Lenders[2]

_____  Date: June 15, 2009
Andrew M. LeBlanc
Andrew Beirne
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:   (212) 530-5287
Facsimile:   (212) 530-5219

**It is SO ORDERED:**

_____  Date: _____
John K. Olson, U.S.B.J.

---

[2] The Transeastern Lenders as defined herein are: 3V Capital Master Fund Ltd.; Atascosa Investments, LLC; Aurum CLO 2002-1 Ltd.; Bank of America, N.A.; Bear Stearns Investment Products Inc.; Burnet Partners, LLC; Centurion CDO 10, Ltd.; Centurion CDO 8, Limited; Centurion CDO 9, Ltd.; Centurion CDO II, Ltd.; Centurion CDO VI, Ltd.; Centurion CDO VII, Ltd.; Centurion CDO XI, Ltd.; Deutsche Bank Trust Company Americas; Distressed High Yield Trading Ops. Fund Ltd.; Eaton Vance Credit Opportunities Fund; Eaton Vance Floating-Rate Income Trust; Eaton Vance Grayson & Co.; Eaton Vance Limited Duration Income Fund; Eaton Vance Senior Debt Portfolio; Eaton Vance Senior Floating-Rate Trust; Eaton Vance Senior Income Trust; Eaton Vance VT Floating-Rate Income Fund; Farallon Capital Institutional Partners II, L.P.; Farallon Capital Institutional Partners III L.P.; Farallon Capital Institutional Partners L.P.; Farallon Capital Offshore Investors II, L.P.; Farallon Capital Offshore Investors, Inc.; Farallon Capital Partners L.P.; Flagship CLO III; Flagship CLO IV; Flagship CLO V; Gleneagles CLO Ltd.; Goldman Sachs Credit Partners, L.P.; Grand Central Asset Trust, CED Series; Grand Central Asset Trust, HLD Series; Grand Central Asset Trust, SOH Series; Hartford Mutual Funds, Inc., on behalf of The Hartford Floating Rate Fund by Hartford Investment Management Company, their Sub-Advisor; Highland CDO Opportunity Fund, Ltd.; Highland Credit Opportunities CDO Ltd.; Highland Floating Rate Advantage Fund; Highland Floating Rate LLC; Highland Legacy Limited; Highland Offshore Partners, L.P.; JPMorgan Chase Bank, N.A.; Jasper CLO, Ltd.; LL Blue Marlin Funding LLC; Liberty CLO, Ltd.; Loan Funding VII, LLC; Merrill Lynch Credit Products LLC; Monarch Master Funding Ltd (f/k/a Quadrangle Master Funding Ltd.); Ocean Bank; Riversource Floating Rate Fund; Rockwall CDO, Ltd.; Sequils-Centurion V, Ltd.; Silver Oak Capital LLC; Stedman CBNA Loan Funding LLC; The Foothills Group, Inc.; Tinicum Partners, L.P.; Van Kampen Dynamic Credit Opportunities Fund; Van Kampen Senior Income Trust; Van Kampen Senior Loan Fund; and Wells Fargo Bank, N.A.