Tagged opinion

ORDERED in the Southern District of Florida on July 8, 2009



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

TOUSA, INC., et al.

    Debtors.

_____/

Case No. 08-10928-BKC-JKO

Chapter 11
Jointly Administered

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TOUSA, INC., et al.,

    Plaintiff,

v.

CITICORP NORTH AMERICA, INC., et al.,

    Defendants.

_____/

Adv. Pro. No.: 08-01435-JKO-A

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

THIS MATTER came before the court for hearing on July 6, 2009, upon the Official

Committee of Unsecured Creditors of TOUSA, Inc., et al.'s (the "Plaintiff") Motion for Summary

Judgment on Defendant's Affirmative Defenses Based on Substantive Consolidation, Single

Business Enterprise, and Alter Ego (the "Motion") [DE 362]. As a matter of law, the Defendants are unable to establish that either a theory of single business enterprise, alter ego status or substantive consolidation is appropriate in this case, thus, the Motion must be granted.

## FACTS

### 1. Procedural history

On January 29, 2008, TOUSA, Inc., in concert with numerous of its subsidiary entities, (collectively the "Debtor") filed a voluntary petition under chapter 11 of Title 11 of the United States Code. *See* [DE 1] in the main case. The complaint in this adversary case was filed by the Plaintiff on July 14, 2008. *See* [DE 1]. This court has permitted amendment to the initial complaint and the operative document now before me is the Third Amended Complaint (the "Complaint") [DE 243] filed on February 4, 2009. On February 24, 2009, Citicorp North America, Inc.'s (the "First Lien Agent"), as Administrative Agent for the First Lien Term Loan, and certain First Lien Lenders,[1] filed their answers and affirmatives defenses to the Complaint ([DE 256] & [DE 255]), setting forth the following affirmative defenses at issue in the Motion:

### ELEVENTH AFFIRMATIVE DEFENSE

The [Plaintiff's] claims are barred, in whole or in part, because the [Plaintiff] will be unable to prove that benefits to TOUSA, Inc. or any Conveying Subsidiary did not benefit all Conveying Subsidiaries, as TOUSA, Inc., the Conveying Subsidiaries, and

---

[1]The First Lien Lenders are Bank of America, N.A., CFIP Master Fund, Ltd., Fidelity Fixed Income Trust: Fidelity Strategic Real Return Fund, Goldman Sachs Credit Partner, L.P., Grand Central Asset Trust, Gaia Series, Grand Central Asset Trust, SIL Series, HBK Master Fund LP, Investment CBNA Loan Funding LLC, JP Morgan Whitefriars Inc., JPMorganChase Bank, N.A., Merrill Lynch Pierce Fenner & Smith Inc., Monarch Master Funding Ltd., Morgan Stanley Senior Funding Inc., Perry Principals, L.L.C., Promethean I Master Ltd., Royal Bank of Canada, Taconic Capital Partners 1.5 L.P., Taconic Opportunity Fund L.P., The Foothills Group, Inc., Trilogy Portfolio Company LLC, Van Kampen Dynamic Credit Opportunities Fund, Van Kampen Senior Income Trust, Van Kampen Senior Loan Fund, WCP Real Estate Strategies Fund, and Westport Capital Partners LLC. Further references herein to the First Lien Agent should be construed to refer to both Agent and Lenders.

their affiliates operate as a single business enterprise or as alter egos.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent the [Plaintiff's] claims are not completely barred by the Eleventh Affirmative Defense or otherwise, the [Plaintiff's] claims on behalf of specific Conveying Subsidiaries are barred by application of the doctrine of substantive consolidation.

[DE 256] at 30-31; [DE 255] at 37-38. Substantially similar affirmative defenses are provided for

in Wells Fargo, N.A.'s (the "Second Lien Agent"), as successor Administrative Agent for the Second

Lien Term Loan, and certain Second Lien Lenders,[2] answer and affirmative defenses. *See* "Fifth

Affirmative Defense" in [DE 275] at 33 & [DE 258] at 26-27. The same is true for the Senior

Transeastern Lenders' ("Transeastern Lenders").[3]   *See* "Twelfth Affirmative Defense" and

---

[2]The Second Lien Lenders are AIG Annuity Insurance Company; Alexandra Global Master Fund, Ltd.; American General Life Insurance Company; American International Group, Inc.; Avenue Investments LP; Citibank, NA; Citicorp North America, Inc.; Deutsche Bank AG, New York Branch; Goldman Sachs Credit Partners LP; HBK Master Fund LP; JPMorgan Chase Bank, N.A.; Longacre Capital Partners QP, LP; Longacre Master Fund LTD; M.D. Sass Re/Enterprise Portfolio Company, L.P.; Merrill Lynch Pierce Fenner & Smith Inc.; Monarch Master Funding Ltd.; Morgan Stanley Senior Funding, Inc.; Q Funding III, LP; Quadrangle Master Funding LTD n/k/a Monarch Master Funding Ltd; Stonehill Institutional Partners LP; SunAmerica Income Funds – SunAmerica High Yield Bond Fund; SunAmerica Series Trust – High Yield Bond Portfolio; The Master Trust Bank of Japan, Ltd.; The Variable Annuity Life Insurance Company; Third Point Loan LLC; Trilogy Portfolio Company LLC; and VALIC Company II High Yield Bond Fund, in their capacities as lenders under the Second Lien Term Loan Credit Agreement, dated as of July 31, 2007. Further references herein to the Second Lien Agent should be construed to refer to both Agent and Lenders.

[3]The Transeastern Lenders are 3V Capital Master Fund Ltd., Atascosa Investments LLC, Aurum Clo 2002-1 Ltd., Bank of America, N.A., Bear Stearns Investment Products Inc., Burnet Partners, LLC, Centurion CDO 10, Ltd., Centurion CDO 8, Limited, Centurion CDO 9, Ltd., Centurion CDO II, Ltd., Centurion CDO VI, Ltd., Centurion CDO VII, Ltd., Centurion CDO XI, Ltd., Deutsche Bank Trust Company Americas, Distressed High Yield Trading Ops. Fund Ltd., Eaton Vance Credit Opportunities Fund, Eaton Vance Floating-Rate Income Trust, Eaton Vance Grayson & Co., Eaton Vance Limited Duration Income Fund, Eaton Vance Senior Debt Portfolio, Eaton Vance Senior Floating-Rate Trust, Eaton Vance Senior Income Trust, Eaton Vance VT Floating-Rate Income Fund, Farallon Capital Institutional Partners II, L.P., Farallon Capital Institutional Partners III L.P., Farallon Capital Institutional Partners L.P., Farallon Capital Offshore Investors II, L.P., Farallon Capital Offshore Investors, Inc., Farallon Capital Partners L.P., Flagship Clo III, Flagship Clo IV, Flagship Clo V, Gleneagles Clo Ltd., Goldman Sachs Credit Partner, L.P., Grand Central Asset Trust, CED Series, Grand Central Asset Trust,

"Thirteenth Affirmative Defense" in [DE 259] at 31-32.  Because of the virtual identity of the defenses raised, for purposes of this order I will refer solely to the First Lien Agent's affirmative defenses, however, my ruling will apply to these other applicable affirmative defenses.

The Plaintiff filed the Motion on June 10, 2009, seeking summary judgment in its favor as to these defenses raised, by the First Term Agent, Second Term Agent, and the Transeastern Lenders, based on single business enterprise or alter ego status, and substantive consolidation.[4]  On June 24, 2009, the First Lien Agent filed a response in opposition to the Motion (the "First Lien Agent's Response") [DE 413].  That same day the Second Lien Agent filed a joinder to the First Lien Agent's Response (the "Second Lien Agent's Joinder") [DE 414], as did the Transeastern Lenders [DE 415].  Oral arguments on the Motion were heard on July 6, 2009.

### 2. Withdrawal of defenses

At the hearing on July 6, 2009, the First Lien Agent, the Second Lien Agent, and the Transeastern Lenders advised me that they were withdrawing their affirmative defense of alter ego in its entirety, and were withdrawing their affirmative defense of substantive consolidation in this

---

Hld Series, Grand Central Asset Trust, SOH Series, Hartford Mutual Funds, Inc., on behalf of The Hartford Floating Rate Fund by Hartford Investment Management Company, its Sub-Advisor, Highland CDO Opportunity Fund, Ltd., Highland Credit Opportunities CDO Ltd., Highland Floating Rate Advantage Fund, Highland Floating Rate LLC, Highland Legacy Limited, Highland Offshore Partners, L.P., JPMorganChase Bank, N.A., Jasper Clo, Ltd., LL Blue Marlin Funding LLC, Liberty Clo, Ltd., Loan Funding VII, LLC, Merril Lynch Credit Products LLC, Ocean Bank, Quadrangle Master Funding Ltd., Riversource Floating Rate Fund, Rockwall CDO, Ltd., Sequils-Centurion V, Ltd., Silver Oak Capital LLC, Stedman CBNA Loan Funding LLC, The CIT Group/Business Credit, Inc., The Foothills Group, Inc., Tinicum Partners L.P., Van Kampen Dynamic Credit Opportunities Fund, Van Kampen Senior Income Trust, Van Kampen Senior Loan Fund, Wells Fargo Bank, N.A.; *see also* [DE 415] at n2.

[4]It should be noted that the Motion also seeks a similar determination as to CIT Group/Business Credit, Inc.'s ("CIT") affirmative defenses ([DE 264] as amended by [DE 300]) pertaining to these issues.  This relief is moot given the joint stipulation dismissing CIT from this adversary proceeding.  *See* [DE 383] and the stipulation attached thereto.

adversary proceeding, without prejudice to the possibility of seeking to resuscitate the defense in what they conceded was the unlikely event that a plan of reorganization for these Debtors which provided for substantive consolidation were to be confirmed before judgment was entered in this adversary proceeding.   All parties agreed that substantive consolidation is a chapter 11 plan confirmation issue.  In light of these developments, it is entirely appropriate to enter summary judgment striking the affirmative defenses of alter ego and substantive consolidation, without prejudice in the latter case, as specified in the decretal portion of this order.

Insofar as the "single business enterprise" affirmative defense is concerned, the Defendants appear to have abandoned that defense in the form articulated in their pleadings.  Instead, the Defendants now focus on an argument that "value" within the meaning of 11 U.S.C. § 548(d)(2)(A) can take the form of "indirect benefit" in addition to "direct benefit" to the debtor.  The Plaintiffs agree with that notion, albeit subject to the statutory definition of "value":

(A) "value" means property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor.

As the case now stands, the parties are in complete agreement that "value" can take the form of both direct and indirect benefit to the Debtor which received it.  The issue, therefore, is simply one of proof as to the "value" received, and is decidedly outside the scope of a "single business enterprise" affirmative defense.  I shall therefore grant summary judgment on the Plaintiff's motion and strike in their entirety all affirmative defenses relating to alter ego, substantive consolidation, and single business enterprise.

For the benefit of the parties, I note that the clear statutory language of §§ 548(a)(1)(B)(ii) and 548(d)(2)(A) limits "value" in the context of this case to "property," since it is clear that the

-5-

Conveying Subsidiaries were not liable on any present or antecedent debt. Although the Plaintiff has both the burden of going forward in attempting to establish that the Conveying Subsidiaries did not receive "value" directly, and has the ultimate burden of proof, it is equally the case that upon a *prima facie* showing by the Plaintiff of no direct value, the Defendants have the burden of going forward to establish that the Conveying Subsidiaries received indirect "value," *In re Aqua Clear Technologies, Inc.,* 361 B.R. 567, 582 (Bankr. S.D. Fla. 2007), and that such indirect value was tangible, concrete, and quantified with reasonable precision. *In re Richards & Conover Steel Co.,* 267 B.R. 602, 614 (8th Cir. BAP 2001).

### 3. Legal standard for summary judgment

Under Rule 56 of the Federal Rules of Civil Procedure, incorporated into bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper if the pleadings, deposition, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of showing the Court that there are no genuine issues of material fact that should be decided at trial. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The Supreme Court explained in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), that when assessing whether the movant has met this burden, the court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion and resolve all reasonable doubts in that party's favor. *See also Samples on behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir.1988). The Eleventh Circuit has explained the reasonableness standard:

-6-

> In deciding whether an inference is reasonable, the Court must 'cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness.' The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*WSB-TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir.1988)(internal citations omitted). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325.

The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 324.; *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[5] By its very terms, the standard for summary judgment provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable [finder of fact]

---

[5]Fifth Circuit Decisions entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

could return a verdict for the nonmoving party." *Id.* at 248.

**Conclusion**

As there exists no genuine issue as to the material facts, this matter is ripe for adjudication as a matter of law. Accordingly, and for the reasons set forth above, it is **ORDERED** that:

1.  The Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses Based on Substantive Consolidation, Single Business Enterprise, and Alter Ego [DE 362] is **GRANTED**.

2.  Judgment is entered in favor of the Plaintiff with regard to the First Lien Agent and First Lien Lenders' Eleventh and Twelfth Affirmative Defense ([DE 256] & [DE 255]), the Second Lien Agent and Second Lien Lenders' Fifth Affirmative Defense ([DE 275] & [DE 258]) and the Transeastern Lenders' Twelfth and Thirteenth Affirmative Defense ([DE 259]). All such affirmative defenses are hereby **STRICKEN,** *provided, however,* that in the event that a plan of reorganization for these Debtors providing for substantive consolidation of the Debtors were to be confirmed before judgment in this adversary proceeding, the Defendants may seek by motion to resuscitate the defense of substantive consolidation in this adversary proceeding.

# # #

Copies furnished to:

Counsel of record by CM/ECF

Attorney Patricia A. Redmond is directed to serve a conformed copy of this order on all other

interested parties.