

**ORDERED in the Southern District of Florida on October 13, 2009.**

**John K. Olson, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re:<br>TOUSA, INC., *ET AL.*,<br><br>        Debtors. | Chapter 11 Cases<br><br>Case No. 08-10928-JKO<br><br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS OF TOUSA, INC., *ET AL.*,<br><br>        Plaintiffs,<br><br>vs.<br><br>CITICORP NORTH AMERICA, INC., *ET AL.*,<br><br>        Defendants. | **Adv. Pro. No. 08-1435-JKO** |

**FINAL JUDGMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 7054, judgment is hereby entered in favor

of Plaintiff the Official Committee of Unsecured Creditors of TOUSA, Inc., *et al.,* and against

Defendants Citicorp North America, Inc., *et al.,* as follows:

1.      Pursuant to 11 U.S.C. §§ 544 and 548 and under applicable New York and Florida fraudulent transfer law, (a) all obligations of the Conveying Subsidiaries to the First and Second Lien Lenders arising from the July 31 Transaction; (b) all claims of the First and Second Lien Lenders asserted or assertable against the Conveying Subsidiaries, and (c) all liens granted by the Conveying Subsidiaries to secure such obligations and claims, are hereby **AVOIDED** and all such claims are **DISALLOWED.**

2.      Pursuant to 11 U.S.C. § 550 and under applicable New York and Florida fraudulent transfer law, the First and Second Lien Lenders shall **DISGORGE** to the Conveying Subsidiaries' estates any and all principal, interest, costs, expenses and other fees or amounts paid to, for the benefit of, or on behalf of, the First and Second Lien Lenders or in respect of the First and Second Lien Lenders' asserted claims or obligations against the Conveying Subsidiaries' estates (collectively, the "Disgorged Payments").   All Disgorged Payments shall be wired into the Disgorgement Account **on or before October 23, 2009**.  For the avoidance of doubt, the Disgorged Payments shall include, but not be limited to, any and all (a) fees and expenses paid to, for the benefit of, or on behalf of, the First and Second Lien Lenders' respective counsel and advisors, pursuant to the First and Second Lien Term Loan Agreements, and (b) payments to, for the benefit of, or on behalf of, the First and Second Lien Lenders pursuant to the Interim DIP Order, the First Cash Collateral Order, the Second Interim Cash Collateral Order, the Final Second Cash Collateral Order, the Third Cash Collateral Order (each as defined in the Fourth Cash Collateral Order (as defined below)), and the Fourth Interim Order (i) Authorizing Limited Use of Cash Collateral Pursuant to Sections 105, 361 and 363 of the Bankruptcy Code, (ii) Granting Replacement Liens,

2

Adequate Protection and Super Priority Administrative Expense Priority to Secured Lenders (the "Fourth Cash Collateral Order") and together with the Interim DIP Order, the First Cash Collateral Order, the Second Interim Cash Collateral Order, the Final Second Cash Collateral Order, the Third Cash Collateral Order (the "Cash Collateral Orders").

3.     Pursuant to 11 U.S.C. § 550 and under applicable New York and Florida fraudulent transfer law, the Senior Transeastern Lenders shall **DISGORGE** to the Conveying Subsidiaries' estates $403 million in principal amount (the "Senior Transeastern Disgorged Funds") by or on behalf of the Senior Transeastern Lenders, plus prejudgment interest, with such amounts to be wired into the Disgorgement Account **on or before October 23, 2009**. The Senior Transeastern Lenders also shall disgorge prejudgment interest on the Senior Transeastern Disgorged Funds at the rate of the 9% per year, simple interest, for the period between July 31, 2007 and the date of this Final Judgment.

4.     Pursuant to 11 U.S.C. § 550 and under applicable New York and Florida fraudulent transfer law, upon a further determination by the Court of the diminution in value of the Conveying Subsidiaries' property between July 31, 2007 and the date of this Final Judgment, the Senior Transeastern Disgorged Funds shall be distributed first to the Conveying Subsidiaries on account of (a) transaction costs incurred in connection with the consummation of the July 31 Transaction; (b) the costs incurred by the Debtors and the Committee in connection with prosecuting this adversary proceeding, including fees and expenses paid to attorneys, advisors, and experts; and (c) the diminution in the value of the liens between July 31, 2007 and the date of this Final Judgment; with any remaining funds to be distributed to the First and Second Lien Lenders.

5.     For the purposes of permitting estimation of the diminution in value of the liens

between July 31, 2007 and the date of this order, the Court **DIRECTS** the Debtors to produce, **on or before November 5, 2009**, an accounting of the value of the remaining assets of the Conveying Subsidiaries that were subject to the avoided liens.

6.      The Senior Transeastern Lenders may file a proof of claim against TOUSA Inc. and TOUSA Homes L.P.; *provided, however*, that such proof of claim **must be filed on or before November 13, 2009** and, if timely filed, such claim shall be allowed or disallowed in connection with the Debtors' ongoing Chapter 11 cases.

7.      Pursuant to 11 U.S.C. § 547(b), all liens granted by the Conveying Subsidiaries, TOUSA Inc. and TOUSA Homes LP on the federal tax refund of $207.3 million are hereby **AVOIDED.**  All funds paid to the First Lien Lenders from such tax refund shall be **DISGORGED** to the Debtors, together with interest at the rate of 9% per year, simple interest, for the period between the date of payment and the date of this Final Judgment.

8.      Costs in favor of Plaintiff may be taxed in accordance with Federal Rule of Bankruptcy Procedure 7054(b).

### 

I:\ORDERS\08-1435.TOUSA.Final.Judgment.2009.10.13.wpd