UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>TOUSA, INC., *et al.*,<br><br>            Debtors. | Chapter 11 Cases<br><br>Case No. 08-10928-JKO<br><br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TOUSA, INC., *et al.*,<br><br>            Plaintiff,<br><br>    v.<br><br>CITICORP NORTH AMERICA, INC., *et al.*,<br><br>            Defendants. | Adv. Pro. No. 08-01435 |
| 3V CAPITAL MASTER FUND LTD., *et al.*,<br><br>            Appellants,<br><br>    v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TOUSA, INC., *et al.*,<br><br>            Appellee. | |

**SENIOR TRANSEASTERN LENDERS' MOTION FOR STAY PENDING APPEAL AND REQUEST TO WAIVE THE SUPERSEDEAS BONDS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION**

**TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................................2

    I.   A STAY PENDING APPEAL IS MANDATORY UPON THE POSTING OF SUPERSEDEAS BONDS ........................................................................................2

    II.  THE COURT SHOULD WAIVE THE REQUIREMENT FOR POSTING BONDS, OR REQUIRE ONLY *DE MINIMIS* BONDS .....................................................7

CONCLUSION ...........................................................................................................................12

i

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*,
   87 S. Ct. 1 (1966) ............................................................................................................. 6

*Bonded Fin. Servs. v. European Am. Bank (In re Bonded Fin. Servs.)*,
   838 F.2d 890 (7th Cir. 1988) ......................................................................................... 9-10

*Cunningham v. Ariel's Gas & Food*,
   No. 06-21459-CIV, 2007 WL 3274451 (S.D. Fla. Nov. 5, 2007) .......................................... 5, 8

*Farm Credit Servs. of the Midlands, PCA v. Fremont Sheep Corp. (In re Fremont Sheep Co.)*,
   No. 96-8010, 1997 WL 174116, (10th Cir. Apr. 10, 1997) ..................................................... 4

*Farmer v. Crocker Nat'l Bank (In re Swift Aire Lines, Inc.)*,
   21 B.R. 12 (B.A.P. 9th Cir. 1982) ...................................................................................... 6

*Grissom v. C & S Nat'l Bank (In re Grissom)*,
   Nos. 89-10496, 89-1017, 1990 WL 10007387 (Bankr. S.D. Ga. Mar. 8, 1990) ................ 3, 4, 5

*Hebert v. Exxon Corp.*,
   953 F.2d 936 (5th Cir. 1992) ............................................................................................. 4

*Hunt v. Bankers Trust Co.*,
   799 F.2d 1060 (5th Cir. 1986) ........................................................................................... 7

*In re Ayala*,
   No. 05-24437-BKC-JKO, 2006 WL 3922111 (Bankr. S.D. Fla. Dec. 6, 2006) ................. 3, 6, 7

*In re Byrd*,
   172 B.R. 970 (Bankr. W.D. Wash. 1994) ............................................................................ 4

*In re Ridgemont Apartment Assocs., Ltd.*,
   93 B.R. 788 (Bankr. N.D. Ga. 1988) .................................................................................. 6

*In re Walker*,
   No. 03-32158-BKC-PGH, 2006 WL 3922113 (Bankr. S.D. Fla. Dec. 11, 2006) ..................... 8

*Luzinski v. Peabody & Arnold LLP (In re Gosman)*,
   382 B.R. 826 (S.D. Fla. 2007) ........................................................................................... 8

*MacNeal v. Equinamics Corp. (In re MacNeal)*,
   393 B.R. 805 (Bankr. S.D. Fla. 2008) ............................................................................. 2, 6

*Miami Int'l Realty Co. v. Paynter*,
   807 F.2d 871 (10th Cir. 1986) ......................................................................................... 11

*Micci v. Bank of New Haven*
   *(In re Micci)*, 188 B.R. 697 (S.D. Fla. 1995) ...................................................................... 5

*Mountain Empire Oil Co., Inc. v. Callahan (In re Lambert Oil Co., Inc.)*,
   375 B.R. 197 (W.D. Va. 2007) .......................................................................................... 5

*Richland Nat'l Bank v. Norby*,
 Nos. 87-05527, 87-7092, 1988 WL 1015955, (Bankr. D.N.D. Jan. 28, 1988)........................... 5

*Royce Homes, L.P. v. Decker Oaks Dev. II, Ltd. (In re Decker Oaks Dev. II, Ltd.)*,
 No. 07-3421, 2008 WL 2812172, (Bankr. S.D. Tex. July 21, 2008)...................................... 4-5

*State Contracting & Eng'g Corp. v. Condotte Am., Inc.*,
 No. 97-7014-CIV, 2002 WL 34365828 (S.D. Fla. Aug. 29, 2002) ......................................... 11

*U.S. v. Dornbrock*,
 No. 06-61669-CIV, 2008 WL 4927013 (S.D. Fla. Nov. 17, 2008) .......................................... 8

*U.S. v. Wylie*,
 730 F.2d 1401 (11th Cir. 1984) ................................................................................................ 6

*United States v. Indianapolis Baptist Temple*,
 No. IP 98-0498-C-B/S, 1999 WL 1249452, (S.D. Ind. Nov. 10, 1999) .................................... 5

## OTHER AUTHORITIES

10 COLLIER ON BANKRUPTCY at ¶ 7062.05 (15th ed.) .................................................................... 3

10 COLLIER ON BANKRUPTCY at ¶ 7062.06 (15th ed.) .................................................................... 5

10 COLLIER ON BANKRUPTCY at ¶ 8005.03 (15th ed.) ............................................................. 3, 4, 5

10 COLLIER ON BANKRUPTCY at ¶ 8005.04 (15th ed.) .................................................................... 5

10 COLLIER ON BANKRUPTCY at ¶ 8005.05 (15th ed.) .................................................................... 5

10 COLLIER ON BANKRUPTCY at ¶ 8005.06 (15th ed.) .................................................................... 5

10 COLLIER ON BANKRUPTCY at ¶ 8005.07 (15th ed.) .................................................................... 7

## RULES

Fed. R. Bankr. P. 7062................................................................................... 1, 2, 3, 4, 5, 6, 7

Fed. R. Bankr. P. 8001................................................................................................................ 2

Fed. R. Bankr. P. 8002................................................................................................................ 2

Fed. R. Bankr. P. 8005......................................................................................... 1, 3, 4, 5, 6, 7

Fed. R. Bankr. P. 8007................................................................................................................ 2

Fed. R. Bankr. P. 8014................................................................................................................ 7

Fed. R. Civ. P. 62............................................................................................. 1, 2, 3, 4, 5, 6, 11, 12

S.D. Fla. L.R. 62.1 ................................................................................................................ 8, 11

Certain of the Lenders on the $450,000,000 Credit Agreement dated as of August 1, 2005 (collectively, the "<u>Senior Transeastern Lenders</u>")[1], pursuant to Rules 8005 and 7062 of the Federal Rules of Bankruptcy Procedure and Rule 62 of the Federal Rules of Civil Procedure (as incorporated by Fed. R. Bankr. P. 7062), file this Motion for Stay Pending Appeal of this Court's Findings of Fact and Conclusions of Law and corresponding Final Judgment in the above-captioned adversary proceeding entered October 13, 2009, and in support thereof state:

1.   On October 13, 2009, this Court entered Findings of Fact and Conclusions of Law (the "<u>Opinion</u>") (D.E. 658) and a corresponding Final Judgment (the "<u>Judgment</u>") (D.E. 659) in this adversary proceeding.

2.   The Court found, among other things, that (1) the obligations incurred and liens granted to the First and Second Lien Lenders were fraudulent transfers and the

---

[1]   The Senior Transeastern Lenders, for the purpose of this Motion for Stay Pending Appeal, are: 3V Capital Master Fund Ltd.; Atascosa Investments, LLC; Aurum CLO 2002-1 Ltd.; Bank of America, N.A.; Bear Stearns Investment Products Inc.; Burnet Partners, LLC; Centurion CDO 10, Ltd.; Centurion CDO 8, Limited; Centurion CDO 9, Ltd.; Centurion CDO II, Ltd.; Centurion CDO VI, Ltd.; Centurion CDO VII, Ltd.; Centurion CDO XI, Ltd.; Deutsche Bank Trust Company Americas; Distressed High Yield Trading Ops. Fund Ltd.; Eaton Vance Credit Opportunities Fund; Eaton Vance Floating-Rate Income Trust; Eaton Vance Grayson & Co.; Eaton Vance Limited Duration Income Fund; Eaton Vance Senior Debt Portfolio; Eaton Vance Senior Floating-Rate Trust; Eaton Vance Senior Income Trust; Eaton Vance VT Floating-Rate Income Fund; Farallon Capital Institutional Partners II, L.P.; Farallon Capital Institutional Partners III L.P.; Farallon Capital Institutional Partners L.P.; Farallon Capital Offshore Investors II, L.P.; Farallon Capital Offshore Investors, Inc.; Farallon Capital Partners L.P.; Flagship CLO III; Flagship CLO IV; Flagship CLO V; Gleneagles CLO Ltd.; Goldman Sachs Credit Partners, L.P.; Grand Central Asset Trust, CED Series; Grand Central Asset Trust, HLD Series; Grand Central Asset Trust, SOH Series; Hartford Mutual Funds, Inc., on behalf of The Hartford Floating Rate Fund by Hartford Investment Management Company, their Sub-Advisor; Highland CDO Opportunity Fund, Ltd.; Highland Credit Opportunities CDO Ltd.; Highland Floating Rate Advantage Fund; Highland Floating Rate LLC; Highland Legacy Limited; Highland Offshore Partners, L.P.; JPMorgan Chase Bank, N.A.; Jasper CLO, Ltd.; LL Blue Marlin Funding LLC; Liberty CLO, Ltd.; Loan Funding VII, LLC; Merrill Lynch Credit Products LLC; Monarch Master Funding Ltd (f/k/a Quadrangle Master Funding Ltd.); Ocean Bank; Riversource Floating Rate Fund; Rockwall CDO, Ltd.; Sequils-Centurion V, Ltd.; Silver Oak Capital LLC; Stedman CBNA Loan Funding LLC; The Foothills Group, Inc.; Tinicum Partners, L.P.; Van Kampen Dynamic Credit Opportunities Fund; Van Kampen Senior Income Trust; Van Kampen Senior Loan Fund; and Wells Fargo Bank, N.A.  The CIT Group/Business Credit, Inc., is not a Senior Transeastern Lender for the purpose of this Motion for Stay Pending Appeal.

Senior Transeastern Lenders were entities for whose benefit the transfers were made; and (2) the transfer of approximately $421 million in total to certain Transeastern lenders as a whole was a fraudulent transfer. Based upon these findings, the Court entered the Judgment in favor of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") and against those Transeastern lenders providing that:

> the Senior Transeastern Lenders shall **DISGORGE** to the Conveying Subsidiaries' estates $403 million in principal amount (the "Senior Transeastern Disgorged Funds") by or on behalf of the Senior Transeastern Lenders, plus prejudgment interest, with such amounts to be wired into the Disgorgement Account **on or before October 23, 2009**. The Senior Transeastern Lenders also shall disgorge prejudgment interest on the Senior Transeastern Disgorged Funds at the rate of the 9% per year, simple interest, for the period between July 31, 2007 and the date of this Final Judgment.

(Judgment at 3.)

3.  On October 20, 2009, the Senior Transeastern Lenders timely filed a Notice of Appeal of the Judgment pursuant to Rules 8001 and 8002 of the Federal Rules of Bankruptcy Procedure and Rule 62 of the Federal Rules of Civil Procedure.

4.  As of the date of this Motion, the record has not been transmitted to the district court. *See* Fed. R. Bankr. P. 8007.

## ARGUMENT

**I.  A STAY PENDING APPEAL IS MANDATORY UPON THE POSTING OF SUPERSEDEAS BONDS**

In adversary proceedings before the Bankruptcy Court, Federal Rule of Civil Procedure 62, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7062, regulates the grant of a stay of execution on a judgment by the bankruptcy judge. *See, e.g.*, *MacNeal v. Equinamics Corp. (In re MacNeal)*, 393 B.R. 805, 809 (Bankr. S.D. Fla. 2008); *In re Ayala*, No. 05-24437-BKC-JKO, 2006 WL

2

3922111, at *4 (Bankr. S.D. Fla. Dec. 6, 2006); *see also Grissom v. C & S Nat'l Bank (In re Grissom)*, Nos. 89-10496, 89-1017, 1990 WL 10007387, at *1 (Bankr. S.D. Ga. Mar. 8, 1990); 10 COLLIER ON BANKRUPTCY at ¶ 8005.03 (15th ed.).

Federal Rule of Bankruptcy Procedure 8005 provides that a "motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." Courts have explained that Bankruptcy Rule 8005, however, "must be considered with Bankruptcy Rule 7062 which regulates the authority of the bankruptcy court to grant a stay." *Grissom*, 1990 WL 10007387, at *1 (citing COLLIER at ¶ 8005.03). An application for a stay of proceedings to enforce a judgment pending appeal in an adversary proceeding is therefore governed, in accordance with Rules 8005 and 7062, by Federal Rule of Civil Procedure 62.

Unlike a discretionary stay under Bankruptcy Rule 8005, stays under Bankruptcy Rule 7062 are mandatory.[2] As this Court has stated,

> Stays come in two categories. The first are automatic stays of proceedings to enforce judgments, under Bankruptcy Rule 7062, which expressly applies Fed. R. Civ. P. 62 in adversary proceedings. . . . The other category of stays under Rule 8005 are discretionary stays, where the applicable standard is that used in determining whether to grant a preliminary injunction under Rule 65.

*In re Ayala*, 2006 WL 3922111, at *4 (analyzing the motion to stay under Bankruptcy Rule 8005 because "Rule 62 issues have no application here" where "none of the issues between [the parties] arise in the context of an adversary proceeding"). Noting the difference between a Bankruptcy Rule 7062 mandatory stay and a Bankruptcy Rule 8005

---

[2] Rule 8005 supplements Rule 7062 and confers on the bankruptcy judge discretion to stay or continue *other proceedings* in the case while an appeal is pending, *see* COLLIER at 7062.05; it does not alter the mandatory stay provision of Rule 62.

3

discretionary stay, this Court explained that "[a]lthough a bond may be required [under a Bankruptcy Rule 8005 discretionary stay], there is no automatic right to a stay upon the posting of a supersedeas bond" under Rule 8005, as there is under Rule 7062.  *Id.*

Other courts and treatises have similarly identified and adhered to this distinction between mandatory stays under Bankruptcy Rule 7062 and discretionary stays under Bankruptcy Rule 8005.  An appellant

> who desires the stay of a money judgment or of one determining an interest in property should present to the bankruptcy court a supersedeas bond in an amount adequate for the protection of the appellee; and (2) an appellant who desires the stay of a judgment which falls within the exceptions set forth in Rule 7062 should present to the bankruptcy court an application for a stay stating reasons why the court should exercise its discretion to grant the stay.

*Grissom*, 1990 WL 10007387, at *1 (citing COLLIER at ¶ 8005.03); *see also Farm Credit Servs. of the Midlands, PCA v. Fremont Sheep Corp. (In re Fremont Sheep Co.)*, No. 96-8010, 1997 WL 174116, at *1 (10th Cir. Apr. 10, 1997) (referring to "(1) the mandatory provisions of Federal Rule of Civil Procedure 62(d), as adopted by Federal Rule of Bankruptcy Procedure 7062, or (2) the discretionary provisions of Federal Rule of Bankruptcy Procedure 8005"); *In re Byrd*, 172 B.R. 970, 974 (Bankr. W.D. Wash. 1994) ("The posting of a supersedeas bond under Rule 7062(d) in an amount approved by the court gives the judgment debtor an absolute right to a stay pending appeal.  Alternatively, the court has discretion to grant a stay pending appeal under Rules 8005 and 7062(c) and it need not require the posting of a supersedeas bond.") (internal citations omitted); *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (holding Rule 62(d) entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond); *Royce Homes, L.P. v. Decker Oaks Dev. II, Ltd. (In re Decker Oaks Dev. II, Ltd.)*,

4

No. 07-3421, 2008 WL 2812172, at *5 (Bankr. S.D. Tex. July 21, 2008) (same); *Richland Nat'l Bank v. Norby*, Nos. 87-05527, 87-7092, 1988 WL 1015955, at *2, 3 (Bankr. D.N.D. Jan. 28, 1988) (same); *Mountain Empire Oil Co., Inc. v. Callahan (In re Lambert Oil Co., Inc.)*, 375 B.R. 197, 199 (W.D. Va. 2007) (same); *United States v. Indianapolis Baptist Temple*, No. IP 98-0498-C-B/S, 1999 WL 1249452, at *2 (S.D. Ind. Nov. 10, 1999) (same); COLLIER at ¶¶ 7062.06, 8005.03, 8005.04, 8005.05, 8005.06 (same).

The Senior Transeastern Lenders are seeking a stay in this adversary proceeding upon posting of supersedeas bonds.[3] Because the remedy set forth in the Judgment is the payment of monetary damages, none of the exceptions set forth in Rule 62(a) apply.[4] Any Senior Transeastern Lender that posts such an appropriately-sized bond is legally entitled to a stay, under Bankruptcy Rule 7062. *See Cunningham v. Ariel's Gas & Food*, No. 06-21459-CIV, 2007 WL 3274451, at *1 (S.D. Fla. Nov. 5, 2007) (a "party is entitled to a stay of a money judgment as a matter of right if he posts a bond under Rule 62(d)"); *Micci v. Bank of New Haven (In re Micci)*, 188 B.R. 697, 699 (S.D. Fla. 1995) ("Rule 8005 and Rule 7062 of the Rules of Bankruptcy Procedure, pertaining to a stay ***as of right*** upon posting reasonable bond, and discretionary stay, are applicable . . . .") (emphasis added); *Grissom*, 1990 WL 10007387, at *1 ("In most cases [except for those proceedings stated in 62(a)(1) and (2)], a stay is available as of right, subject only to the condition that a satisfactory bond be filed. . . . [The moving party] . . .

---

[3] Because the Senior Transeastern Lenders consist of approximately 60 different financial institutions and funds, the bond may, with the Court's permission, consist of a combination of the following: one or more supersedeas bonds, one or more letters of credit, or one or more cash deposits into the court or an approved escrow account.

[4] The exceptions to Rule 62(d)'s mandatory stay are described in Rule 62(a)(1) and (2). These exceptions apply to judgments involving injunctions, receiverships, and patent accountings, which is not the case here. Rule 62(d) is "primarily, but not exclusively, applicable where the judgment or order appealed from is one for money damages or for the payment of money." COLLIER at ¶ 7062.06.

would still be entitled to the stay as a matter of right under Rule 7062 as the authority of the court to enter a stay under Rule 8005 is controlled by Rule 7062."); *see also U.S. v. Wylie*, 730 F.2d 1401, 1402 (11th Cir. 1984) (Rule "62(d) allows for a stay pending appeal if the appellant files a supersedeas bond.  The stay is a matter of right.") (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)).  As Rule 62(d) states:  "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . .  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond."  Fed. R. Civ. P. 62(d).  It is clear that under Rule 62, "other than approving the bond, the Court is not given discretion to condition relief by requiring terms other than the posting of the bond itself."  *In re Ridgemont Apartment Assocs., Ltd.*, 93 B.R. 788, 789 (Bankr. N.D. Ga. 1988).

This lack of discretion under Bankruptcy Rule 7062 is consistent with this Court's holding in *MacNeal v. Equinamics Corp. (In re MacNeal)*, where the Court aptly concluded that "the posting of such funds guarantees [the moving parties] a right to a stay."  393 B.R. at 809 (*citing Farmer v. Crocker Nat'l Bank (In re Swift Aire Lines, Inc.)*, 21 B.R. 12, 14 (B.A.P. 9th Cir. 1982) ("[a] supersedeas, like an appeal, is a matter of right, and its allowance does not rest in the sound discretion of court or judge").  The moving parties there, as the Senior Transeastern Lenders here, "are entitled to the stay based on the posting of the supersedeas bond."  *Id.*; *see also In re Ayala,* 2006 WL 3922111, at *4.  Because the Senior Transeastern Lenders are prepared to post supersedeas bonds in an aggregate amount sufficient to protect the interests of the unsecured creditors of TOUSA, to be determined by this Court, each of the Senior Transeastern Lenders that posts a bond in an amount corresponding to its pro rata share

6

of the judgment is entitled, as of right, to a stay of the proceedings to enforce the judgment against each of them pending appeal.[5]

## II. THE COURT SHOULD WAIVE THE REQUIREMENT FOR POSTING BONDS, OR REQUIRE ONLY *DE MINIMIS* BONDS

This Court must set the amounts of the supersedeas bonds and may, under Bankruptcy Rules 7062 and 8005, waive altogether the requirement for posting a bond by each of the Senior Transeastern Lenders. To avoid exposing the TOUSA estate to the extraordinary costs associated with bonding this appeal, the Court should exercise its discretion here to waive, or in the alternative, limit the bond that each Senior Transeastern Lender must post to secure the judgment against it. Under Bankruptcy Rule 8014, costs of an appeal are taxed against the party that loses the appeal. Among the costs that may be taxed are the premiums associated with the posting of bonds. *See* Fed. R. Bankr. P. 8014 (stating that "the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal . . . shall be taxed by the clerk as costs of the appeal in favor of the party entitled to costs under this rule"); *In re Walker*, No. 03-

---

[5] The granting of a stay in this instance is mandatory, unlike the discretionary granting of a stay under Rule 8005. In determining whether a discretionary stay should be granted under Rule 8005, a court should consider: "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) whether the movant would suffer irreparable injury if the stay is not granted; (3) whether the other parties would suffer substantial harm if the stay is granted; and (4) whether the public interest would be harmed if the stay is granted." *In re Ayala*, 2006 WL 3922111, at *4 (citing *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986); COLLIER at ¶ 8005.07. These factors need not be evaluated in connection with this motion.

However, even if the Rule 8005 standard were applicable, each of the identified elements weighs heavily in favor of the Senior Transeastern Lenders. First, the Judgment, as it pertains to claims against them, holds against the weight of federal bankruptcy law and New York and Florida fraudulent transfer law. Second, the Senior Transeastern Lenders would be irreparably harmed by the Committee's efforts to enforce the Judgment because costly efforts to enforce and execute upon the Judgment and actions to defend against such enforcement and execution may ultimately be rendered moot by the appeal, which would cause the limited resources of both the estate and the Senior Transeastern Lenders to be unnecessarily diminished. Third, the Committee would be adequately protected by the supersedeas bonds and the accrual of post-judgment interest, and the estate and its creditors would be spared the costs of executing and enforcing the judgment. Finally, the Judgment addresses far-reaching questions regarding complex corporate financing which were not resolved by the Court under clear legal mandate. The public interest is thus best served by staying enforcement of and execution on a final judgment pending appeal.

32158-BKC-PGH, 2006 WL 3922113, at *6 (Bankr. S.D. Fla. Dec. 11, 2006) (awarding recording fees for removal of judgment "because it is a cost in the nature of discharging bond premiums which are provided for in the Guidelines").  In the event that the Committee loses the appeal, the costs of posting the bonds ordered by the Court are costs that will be borne by the estate as administrative expenses and will reduce the recoveries for all creditors.  Given the amount of the judgment, the premiums associated with bonding 110% of the judgment, as contemplated by the Local Rules for the District Court,[6] are likely to be substantial.  As such, the Court should exercise caution in imposing bonds in order to minimize the exposure of the TOUSA estate to the potential administrative expense.

       This potential administrative claim is not remote.  The Senior Transeastern Lenders have a high likelihood of prevailing on appeal.  The central issues in the appeal of the Senior Transeastern Lenders will be legal issues, which the District Court will review *de novo*, not under a deferential standard of review.  *See, e.g.*, *Luzinski v. Peabody & Arnold LLP (In re Gosman)*, 382 B.R. 826, 836 (S.D. Fla. 2007) ("A district court reviews a bankruptcy court's legal conclusions de novo and a bankruptcy court's factual findings for clear error.").  The core focus of their appeal will be the legal issues that the Court failed to address in its Opinion or on which this Court has adopted a view that constitutes a tectonic shift away from well-settled law.  Among the issues for appeal are the following:

---

[6] Although not binding on the Court, Rule 62.1 of the Local Rules for the United States District Court of the Southern District of Florida is nevertheless instructive and states that "[a] supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment."  *See, e.g.*, *Cunningham*, 2007 WL 3274451, at *2 (ordering supersedeas bond for 110% of the judgment); *U.S. v. Dornbrock*, No. 06-61669-CIV, 2008 WL 4927013, at *1 (S.D. Fla. Nov. 17, 2008) (same).

8

First, the Court ordered both avoidance of the liens granted to the First and Second Lien Lenders *and* disgorgement of the loan proceeds from the Senior Transeastern Lenders. (Judgment at 2, 3.)  This holding is contrary to numerous decisions concluding that when the subject of a fraudulent transfer is a lien, avoidance of the lien is complete relief because the estate is returned to the position it was in prior to the fraudulent transfer and, accordingly, no further relief is permitted under Section 550(a) or Section 550(d) of the Bankruptcy Code.  (*See* STL Post-Trial Mem. at 8-14.)  In its extensive discussion of this threshold legal issue, the Senior Transeastern Lenders cited cases from the Sixth Circuit and Eighth Circuit Courts of Appeals, the Tenth Circuit Bankruptcy Appellate Panel, and trial level courts in the First, Seventh, Ninth, Eleventh, and District of Columbia Circuits, which unequivocally support the "single recovery" rule.  (*Id.*)  The proposed findings of fact and conclusions of law submitted by the Committee (the "Committee's Proposed Order") did not address this argument at all or the multitude of cases cited by the Senior Transeastern Lenders that support this argument; nor did the Court's Opinion.

Second, the Court found that the Senior Transeastern Lenders were simultaneously (a) an "entity for whose benefit" the transfer of liens from the Conveying Subsidiaries to the First and Second Lien Lenders were made under Section 550(a)(1) of the Bankruptcy Code and (b) an immediate or mediate transferee of such initial transfer under Section 550(a)(2). (Opinion at 150-152; 154-159.)  This conclusion is contrary to the well-reasoned decision of Judge Easterbrook in *Bonded*, which concluded that these two statuses are mutually exclusive under the statute. *Bonded Fin. Servs. v. European Am. Bank (In re Bonded Fin. Servs.)*, 838 F.2d 890, 895 (7th Cir. 1988).  The *Bonded* decision was argued to the Court in the Senior Transeastern Lenders' motion for

9

judgment on partial findings, and cited and discussed at length in the Senior Transeastern Lenders' Post-Trial Memorandum.  (*See* Trial Tr. 1569:3, July 17, 2009; STL Post-Trial Mem. at 15.)  *Bonded* was not even mentioned in the Committee's Proposed Order or the Opinion.

Third, the Committee's Proposed Order asked, and the Opinion requires, the Senior Transeastern Lenders to disgorge funds which, if the damage suffered by the Conveying Subsidiaries is less than the disgorged amount, would be paid to the First and Second Lien Lenders.  No claim has been asserted by the First and Second Lien Lenders against the Senior Transeastern Lenders and, even if such claim had been asserted, it would not be within this Court's jurisdiction.  As such, the order directing the Senior Transeastern Lenders to pay damages to the First and Second Lien Lenders cannot survive on appeal.

Fourth, the Court concluded that the Senior Transeastern Lenders were "grossly negligent" in accepting repayment from TOUSA of debt indisputably owed to them by TOUSA, without finding the existence of any duty necessary to establish a finding of any negligence, let alone gross negligence.  (Opinion at 115-24.)  The Committee did not assert, nor did it prove, any of the elements of a gross negligence claim.

The extraordinary nature of these and other appellate issues in this case, together with the significant risk of a substantial administrative cost to the TOUSA estate, necessitates a considerable exercise of discretion with respect to the amounts, or even the need, for supersedeas bonds to be posted to stay execution of the Judgment.  Courts

require a supersedeas bond to protect creditors.[7] Here, a decision waiving that requirement would provide the creditors and the TOUSA estate far greater protection because it would not expose the estate to extraordinary administrative costs in the event that the Order is reversed on appeal.

In the event that the Court orders the posting of bonds, it should permit each Senior Transeastern Lender 60 days from entry of the order requiring supersedeas bonds to arrange and post a bond in an amount proportional to such Senior Transeastern Lender's individual liability.[8] District courts in this jurisdiction by rule extend in every case the 10-day automatic stay to 30 days when a notice of appeal is filed to permit parties to obtain bonds. S.D. Fla. L.R. 62.1 ("If within the ten (10) day period established by Fed.R.Civ.P. 62(a), a party files any of the motions contemplated in Fed.R.Civ.P. 62(b), or a notice of appeal, . . . a further stay shall exist for a period not to exceed thirty (30) days from the entry of the judgment or order."); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, No. 97-7014-CIV, 2002 WL 34365828, at *4 (S.D. Fla. Aug. 29, 2002) (referring to "the extension . . . automatically granted by Local Rule 62.1"). This case presents substantial complexities both legally and factually, and certainly in the number of parties that have to secure a bond. A 60-day extension from the time of the Court's order would also permit the Senior Transeastern Lenders to work with the Committee on alternative security arrangements, which could save the parties, and ultimately the estate, costs, or to bring such alternative security arrangements to the

---

[7]  *See Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) ("when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors").

[8]  In addition to staying the execution of the money portion of the Judgment, the stay should also extend to the requirement imposed on the Senior Transeastern Lenders to file proofs of claim. The Senior Transeastern Lenders should be required to file proofs of claim only if the Judgment is affirmed on appeal. At a minimum, the Court should extend the time for the Senior Transeastern Lenders to file proofs of claim by 60 days, given the administrative difficulties associated with filing proofs of claim for approximately 60 different entities.

Court for approval. Moreover, because the funds ordered to be disgorged cannot be distributed to creditors without confirmation of a plan of reorganization (and no plan has yet been filed), granting additional time will not affect the progress of the bankruptcy case at all. These factors strongly suggest that more time be granted to the parties for the posting of the bonds. Granting the requested additional time will permit each of the Senior Transeastern Lenders choosing to post a bond, acting individually up to the amount of the judgment against them, to secure the lowest cost bond possible, which may ultimately prove to be a material benefit to the TOUSA estate. Such a result is in the interests of all the parties to this adversary proceeding *and* all of the creditors of the TOUSA estates.

## **CONCLUSION**

Wherefore, the Senior Transeastern Lenders respectfully request that the Court enter an order staying execution and enforcement of its October 13, 2009 Judgment through the resolution of the Senior Transeastern Lenders' appeal, waiving the supersedeas bonds under Federal Rule of Civil Procedure 62, and granting further relief as the Court deems appropriate. To the extent that the Court orders bonds and specifies amounts to be bonded, the Senior Transeastern Lenders respectfully request 60 days from the entry of such an order in which to provide such security.

## ATTORNEY CERTIFICATION

I, Michael I. Goldberg, here by certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that the attorneys with Milbank, Tweed, Hadley & McCloy, LLP, appearing pro hac vice in this matter, were admitted pursuant to Court Order dated August 27, 2008 as to Andrew W. Leblanc (D.E. 48) and Andrew T. Beirne (D.E. 49); and dated August 28, 2008 as to Dennis F. Dunne (D.E. 53).

Respectfully submitted,

MILBANK, TWEED, HADLEY & McCLOY LLP
Dennis F. Dunne (pro hac vice)
Andrew M. Leblanc (pro hac vice)
Andrew T. Beirne (pro hac vice)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: 212-530-5000
Facsimile: 212-530-5219

and

AKERMAN SENTERFITT
Las Olas Centre II, Suite 1600
3350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: michael.goldberg@akerman.com

By: /s/ Michael I. Goldberg
    Michael I. Goldberg, Esq.
    Florida Bar Number 886602

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2009, I electronically filed the foregoing *Motion for Stay Pending Appeal and Request to Waive a Supersedeas Bond* with the Clerk of the Court using CM/ECF. I also certify that notification of the filing of the foregoing document will be served on all counsel of record via CM/ECF and e-mail as indicated on the attached Service List.

By: /s/ Michael I. Goldberg

**SERVICE LIST**

Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
150 W. Flagler St., Suite 2500
Miami, FL 33130
*predmond@swmwas.com*

Michael L. Waldman, Esquire
Robbins, Russell, Englert, Orseck,
Untereiner & Sauberg, LLP
1801 K. Street, N.W.
Suite 411-L
Washington, DC 20006
*mwaldman@robbinsrussell.com*

Paul Steven Singerman, Esq.
Berger Singerman, P.A.
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
*singerman@bergersingerman.com*

Allan E. Wulbern, Esq.
Stephen D. Busey, Esq.
Smith, Hulsey & Busey
225 Water St., # 1800
Jacksonville, FL 32202
*awulbern@smithhulsey.com*

Amy D. Harris, Esq.
Strichter, Riedel, Blain & Prosser, P.A.
110 E. Madison St., #200
Tampa, FL 33602
*aharris.ecf@srbp.com*

Joseph H. Smolinsky, Esq.
Eric Przybylko, Esquire
Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, New York 10012
*joseph.smolinsky@weil.com*
*eprzybylko@chadbourne.com*

Scott L. Baena, Esq.
Matthew I. Kramer, Esq.
Jeffrey I. Snyder, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Blvd., #2500
Miami, FL 33131
*sbaena@bilzin.com*

Gregory W. Nye, Esq.
Bracewell & Giuliani LLP
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
*gregory.nye@bgllp.com*

M. Natasha Labovitz, Esq.
Kirkland & Ellis, LLP
Citigroup Center
153 East 53 Street
New York, New York 10022-4611
*nlabovitz@kirkland.com*

Matt Papez, Esq.
Kirkland & Ellis, LLP
Citigroup Center
153 East 53 Street
New York, New York 10022-4611
*mpapez@kirkland.com*

Ileana A. Cruz, Esquire
White & Chase, LLP
Wachovia Financial Center
200 South Biscayne Blvd.
Suite 4900
Miami, Florida 33131
*icruz@whitecase.com*

Meghan McCurdy, Esquire
David O. Hille, Esquire
White & Case, LLP
1155 Avenue of the Americas
New York, New York 10036
*mmccurdy@whitecase.com*