

**ORDERED in the Southern District of Florida on October 30, 2009.**

_____
John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>TOUSA, INC., *ET AL.*,<br><br>           Debtors. | Chapter 11 Cases<br><br>Case No. 08-10928-JKO<br><br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TOUSA, INC., *ET AL.*,<br><br>           Plaintiffs,<br><br>vs.<br><br>CITICORP NORTH AMERICA, INC., *ET AL.*,<br><br>           Defendants. | **Adv. Pro. No. 08-1435-JKO** |

**ORDER ON MOTIONS FOR STAY PENDING APPEAL**

Three groups of judgment defendants have moved for stays pending their appeal from the Final Judgment [DE 659] entered October 13, 2009. For the reasons set forth below, those motions

are each granted in part (subject to the posting of bonds in the amounts set forth herein) and denied in part.

### The Second Lien Lenders Motion

The Second Lien Agent and Lenders[1] Motion for Stay Pending Appeal and Approval of Supersedeas Bond [DE 666] (the "Second Lien Motion") seeks to stay as of right, pursuant to Federal Rule of Bankruptcy Procedure 7062, the Final Judgment's direction to disgorge certain funds in the amount of $21,487,119 upon the posting of a satisfactory supersedeas bond, which the Second Lien Agent asserts should be in the amount of 110% of the monetary judgment amount, or $23,635,830, and seeks a discretionary stay pursuant to Federal Rule of Bankruptcy Procedure 8005 of certain non-monetary directions contained in the Final Judgment.

### The First Lien Lenders Motion

The First Lien Agent and Lenders[2] Motion for Stay Pending Appeal [DE 669] (the "First Lien Motion") likewise seeks a stay as of right under Rule 7062 and a discretionary stay under Rule 8005. The First Lien Motion requests I stay the Final Judgment under Rule 8005 without the posting of a bond because "there is no risk of default" and, alternatively that I stay the Final Judgment under Rule 7062 upon the posting of a supersedeas bond in an unspecified amount.

### The Senior Transeastern Lenders Motion

The Senior Transeastern Lenders[3] Motion for Stay Pending Appeal, etc. [DE 671] also seeks

---

[1]The Second Lien Agent is Wells Fargo Bank, N.A.  The Second Lien Lenders are identified in the motion for stay pending appeal.

[2]The First Lien Agent is Citicorp North America, Inc.  The First Lien Lenders are identified in the motion for stay pending appeal.

[3]The Senior Transeastern Lenders are identified in the motion for stay pending appeal.

a stay as of right under Rule 7062 and seeks waiver of any requirement that a bond be required on the premise that the "Senior Transeastern Lenders have a high likelihood of prevailing on appeal," and that in such event, the premiums for a supersedeas bond may be taxed as costs under Rule 8014. The Final Judgment requires the Senior Transeastern Lenders to disgorge $403 million plus approximately $80 million in prejudgement interest.

## Discussion

Motions for stays pending appeal are governed by Bankruptcy Rule 8005. A stay pending appeal must first be sought in the bankruptcy court. Stays come in two categories. The first are automatic stays of proceedings to enforce judgments, under Bankruptcy Rule 7062, which expressly applies Fed. R. Civ. P. 62 in adversary proceedings. Fed. R. Civ. P. 62(d) (as incorporated by Fed. R. Bankr. P. 7062) provides that a "bond may be given upon or after the filing of a notice of appeal or after obtaining the order allowing the appeal" and that "[t]he stay takes effect when the court approves the bond." Under Rule 62(d), the posting of an adequate bond guarantees the judgment defendants a right to a stay[4] unless one of the exceptions in Rule 62(a) applies. Rule 62(a) excludes: (1) an interlocutory or final judgment in an action for an injunction or a receivership, and (2) a judgment or order that directs an accounting in an action for patent infringement.

The Plaintiff Creditors' Committee argues that because this adversary proceeding sought the mandatory disgorgement of funds paid, it is essentially "an action for an injunction" within the meaning of Rule 62(a)(1). The Committee notes the distinction between the language of Rule

---

[4] Mullins, Edward. <u>Staying a Money Judgment in Federal Court with out the Posting of Supersedeas Bond</u>. *Florida Bar Journal* (2003) (*citing Federal Prescription Service, Inc.* v. *American Pharmaceutical Ass'n*, 636 F.2d 755 (D.C. Cir. 1980)); *See also*, *In re Swift Airlines, Inc.*, 21 B.R. 12 (9th Cir. B.A.P. 1982); *Roche v. Pep Auto Supply Co.* (*In re Roche*), 2006 Bankr. LEXIS 2326, 2 (Bankr. N.D. Ga., May 16, 2006).

62(a)(1) and Rule 62(a)(2): in the latter case, no stay can be automatically obtained by the posting of a bond with respect to "a judgment or order" of a very specific sort. By contrast, the exception in Rule 62(a)(1) applies broadly to a judgment in "*an action* for an injunction." The Committee thus suggests that there is no right to a stay pending appeal here under Rule 7062 because this adversary proceeding is an action for an injunction.

While the Committee's argument has facial appeal, I conclude that those portions of the Final Judgment which require the payment of money are subject to the mandatory stay provisions of Rule 62(d). The better interpretation of Rule 62(a)(1) is that the exception is designed to preclude an automatic right to bond off an injunction and, in a bankruptcy case, to govern any stay of an injunction by Rule 8005. *See generally In re Transworld Airlines, Inc.,* 18 F.3d 208 (3d Cir. 1994); *Hebert v. Exxon Corp.,* 953 F.2d 936 (5th Cir. 1992).

The other category of stays under Rule 8005 are discretionary stays, where the applicable standard is that used in determining whether to grant a preliminary injunction under Rule 65: (1) the likelihood that the party seeking the stay will prevail on the merits; (2) whether the movant would suffer irreparable injury if the stay is not granted; (3) whether the other parties would suffer substantial harm if the stay is granted; and (4) whether the public interest would be harmed if the stay is granted. *Hunt v. Bankers Trust Co.,* 799 F.2d 1060, 1067 (5th Cir. 1986); *see* 10 Collier on Bankruptcy ¶ 8005.07 [15th ed. rev.]. Although a bond may be required, there is no automatic right to a stay upon the posting of a supersedeas bond. As with preliminary injunctions, the relative weight to be given to each of these four factors varies with the circumstances.

The Final Judgment directs the disgorgement of money by each of the three sets of Defendants (the "Monetary Awards") and also provides other relief, including the avoidance of

fraudulent transfers and preferences, the avoidance of liens, the disallowance of claims, the accounting for fees and expenses paid, an accounting by the Debtors of the value of the assets which were the subject of avoided liens, and the fixing of a bar date for the filing of proofs of claim (the "Nonmonetary Awards").

Consistent with the discussion above, the Monetary Awards will be stayed under Rule 7062 upon the timely posting of adequate bonds.

**Bond characteristics.** Supersedeas bonds will be approved if they are in the form of cash or a bond or bonds issued by an insurance company rated A+ or better by A.M. Best Company ("Satisfactory Bonds") in the aggregate amount set forth below as to each group of Defendants/Appellants. The bond instruments or cash shall be tendered to the Clerk of this Court on or before **December 1, 2009**, with copies simultaneously provided to counsel for the Plaintiff/Appellee. Any challenge to the adequacy of a bond shall be made by motion filed and served no later than **December 11, 2009**, and I will conduct a hearing on any such motion on **December 16, 2009 at 1:30 p.m**.

**Second Lien Lenders Bond.** The Monetary Award against the Second Lien Lenders is in the aggregate amount of $21,487,119. The Second Lien Lenders suggest that Local Rule 62.1 of the United States District Court for the Southern District of Florida, although not strictly applicable, provides guidance relevant here. LR 62.1 provides that a supersedeas bond in the amount of 110% of a money judgment provides adequate security, albeit that "the Court may direct otherwise." Although the Plaintiff Committee/Appellee disputes the applicability of Rule 7062 in this case under Rule 62(a)(1), it does not object to the adequacy of a bond in the amount of 110% of the Monetary Award. Accordingly, the Final Judgment's Monetary Award against the Second Lien Lenders will

be stayed upon the posting of Satisfactory Bonds in the aggregate amount of **$23,635,830.**

**First Lien Lenders Bond.** The Monetary Award against the First Lien Lenders is in the aggregate amount of $131.9 million.[5] Although the First Lien Lenders note in their papers that they are entitled to a stay as of right under Rule 7062, they do so only as an alternative to a suggestion that I should grant a stay pending appeal under Rule 8005, citing *inter alia, Fed. Prescription Services, Inc. v. American Pharm. Ass'n,* 636 F.2d 755 (D.C. Cir. 1980). The First Lien Lenders make the following intriguing argument:

> Requiring a bond is unnecessary here given that defendants include dozens of financial institutions with many billions of dollars *under their collective control.* [6] Their ability to pay any judgment is beyond doubt. See Olympia Equipment Leasing Co. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986) ("an inflexible requirement of a bond would be inappropriate ... where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money"). [Emphasis added.]

I understand this argument to constitute the First Lien Lenders' concession that the liability on the Monetary Award is a joint and several obligation of *all* of the First Lien Lenders, since the First Lien Lenders have offered no evidence whatsoever as to the financial condition of any of the First Lien Lenders, which are many financial institutions and funds, some of them offshore, and some of them the recipients of unreimbursed funds from the Troubled Asset Relief Program established under Public Law 110-343, H.R. 1424. Indeed, the First Lien Lenders do not allege that their membership has significant net worth, only that they have "many billions of dollars under their collective control." To the extent that the First Lien Lenders agree that they are jointly and severally liable for

---

[5]The First Lien Lenders who are represented by Citicorp North America, Inc., as agent owe $117.1 million of that amount.

[6]Not that they have net worth in such amounts.

6

the Monetary Award, they are **DIRECTED** to file and serve a notice to that effect within ten days of the date of this Order and I will consider the effect of such notice at a hearing which will be scheduled on short notice. If, however, the First Lien Lenders do not agree that they are jointly and severally liable for the Monetary Award, then the Final Judgment's Monetary Award against the First Lien Lenders will be stayed upon the posting of Satisfactory Bonds in the aggregate amount of 110% of the Monetary Award, or **$145,090,000.**

**Senior Transeastern Lenders Bond.** The Monetary Award against the Senior Transeastern Lenders is in the amount of $403 million plus prejudgment interest at 9% from August 1, 2007 through October 13, 2009, or $79,893,368, for an aggregate Monetary Award of $482,893,368. The Senior Transeastern Lenders correctly argue that a stay pending appeal is mandatory upon the posting of a supersedeas bond under Rule 7062. They then suggest, however, that all that should be required is a *de minimis* bond, arguing that they "have a high likelihood of prevailing on appeal," and noting (as did the First Lien Lenders) that bond premiums may be taxable as costs under Rule 8014 should they prevail. The Senior Transeastern Lenders have been bullishly optimistic about their prospects in this case from its inception. They apparently remain so. I have reached different conclusions.

The Senior Transeastern Lenders, unlike the First Lien Lenders, clearly do not consider the Monetary Award against them to be joint and several, but rather speak of the Senior Transeastern Lenders "acting individually up to the amount of the judgment against them." The Senior Transeastern Lenders have offered no evidence whatsoever as to the financial condition of their 65 financial institutions and funds, some of them the recipients of unreimbursed funds from the Troubled Asset Relief Program.

I do not take seriously the Senior Transeastern Lenders' argument that I should "waive

altogether the requirement for posting a bond" or limit such a bond to a *de minimis* amount as being motivated by a concern for saving the Debtors' estates from the potential exposure to costs under Rule 8014. It is perfectly clear, and quite understandable, that the Senior Transeastern Lenders do not want to go out of pocket to post bonds. The purpose of a supersedeas bond is to protect the rights of all parties pending an appeal. Since the Senior Transeastern Lenders have made no showing of the individual solvency of any, let alone each, of their 65 entities, the Monetary Award against the Senior Transeastern Lenders will be stayed upon the posting of Satisfactory Bonds in the aggregate amount of 110% of the Monetary Award, or **$531,182,705.**

**No stay of Nonmonetary Awards.** The Nonmonetary Awards will not be stayed under Rule 8005. On the central question presented by this case, namely whether the TOUSA Conveying Subsidiaries were insolvent as of July 31, 2007, or were left with unreasonably small capital as a result of the July 31, 2007 Transaction, I find that the Defendants/Appellants likelihood of success on the merits of their appeal is remote.[7] The Defendants/Appellants have made no showing that they will be irreparably harmed by the current effectiveness of the Nonmonetary Awards, albeit that such injury might occur later in the bankruptcy case. Accordingly, the denial of a stay of the Nonmonetary Awards is without prejudice to the filing of a motion seeking a stay in the event of changed circumstances. By contrast, the Debtors' bankruptcy cases will be stuck dead in the water if the Nonmonetary Awards were to be stayed; among other things, no reorganization plan could be proposed or confirmed during the pendency of the appeal if the Nonmonetary Awards were stayed. The windup of the Debtors' businesses must proceed. Since the public interest favors reorganization and disfavors interminable Chapter 11 proceedings, I find that each of the relevant factors under Rule

---

[7] I use that term in the sense in which it is used in the giving of third party legal opinions.

8005 disfavor the imposition of a stay on the Nonmonetary Awards pending appeal.

Based upon the foregoing, it is **SO ORDERED.**

###