UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 Cases |
|  | : |  |
| TOUSA, INC., *et al.*, | : | Case No. 08-10928-JKO |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TOUSA, INC., *et al.*, | : |  |
|  | : |  |
| Plaintiff, | : | Adv. Pro. No. 08-01435 |
| vs. | : |  |
|  | : |  |
| CITICORP NORTH AMERICA, INC., *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |

**REPLY IN SUPPORT OF FIRST LIEN TERM LOAN DEFENDANTS'
MOTION FOR CLARIFICATION OF JUDGMENT AND ORDER**

Citicorp North America, Inc., in its capacity as Administrative Agent to the First Lien Term Loan, and certain First Lien Term Loan Lenders thereon[1] (together with Citicorp North

---

[1]    The First Lien Term Loan Lender parties to this motion are Bank of America, N.A.; JPMorgan Chase Bank, N.A.; CFIP Master Fund, Ltd.; CGDO, LLC (as agent for Chilton Global Credit Opportunities Master Fund LP); Fidelity REOI Cayman Ltd.; Fidelity Fixed Income Trust: Fidelity Strategic Real Return Fund; The Foothill Group, Inc.; Goldman Sachs Credit Partners L.P.; Grand Central Asset Trust, Gaia Series; Grand Central Asset Trust, SIL

(Cont'd on following page)

NY2 - 532823.03

America, Inc., the "First Lien Term Loan Defendants") respectfully submit this reply in support of their motion for clarification of this Court's Findings of Fact and Conclusions of Law (the "Decision") [D.E. 658] and Final Judgment [D.E. 659], both dated October 13, 2009, pursuant to Fed. R. Bankr. P. 7052 and 9023 and Fed. R. Civ. P. 52(b) and 59(e) (the "Motion").[2]

**Disgorgement Issue**

      1.    In its opposition, the Committee argues that the Court's post-trial Decision was clear that amounts paid by TOUSA, Inc. are required to be disgorged to the Estates of the Conveying Subsidiaries. We do not agree that the Court's post-trial Decision was clear that amounts paid by TOUSA, Inc. are required to be disgorged to the Estates of the Conveying Subsidiaries or that there is any basis for such a remedy. But if the Court agrees with the Committee that this is already a settled issue under the existing language of the Court's Final

---

(Cont'd from preceding page)

    Series; HBK Master Fund L.P.; Investment CBNA Loan Funding LLC; JP Morgan Whitefriars Inc.; Merrill Lynch Pierce, Fenner & Smith Incorporated; Monarch Master Funding Ltd. f/k/a Quadrangle Master Funding Ltd.; Perry Principals, L.L.C.; Promethean I Master, Ltd.; Royal Bank of Canada; Taconic Capital Partners 1.5 L.P.; Taconic Opportunity Fund L.P.; Trilogy Portfolio Company, LLC; Morgan Stanley Senior Funding, Inc.; Van Kampen Dynamic Credit Opportunities Fund; Van Kampen Senior Income Trust; Van Kampen Senior Loan Fund; WCP Real Estate Strategies Fund; WCP Real Estate Strategies Fund (Cayman), L.P.; and Westport Capital Partners LLC; and Citicorp North America, Inc., Administrative Agent.

[2]    On October 30, 2009, the Court entered an amended Decision [D.E. 722] and amended Final Judgment [D.E. 721]. As the amended Decision and amended Final Judgment did not alter the provisions which the First Lien Term Loan Defendants seek to clarify, the present motion is not moot but, rather, applies equally to the amended Decision and amended Final Judgment.

NY2 - 532823.03

Judgment, we do not seek to revisit or reopen the issue and will simply pursue it as appropriate on appeal.

**Diminution in Value Issue**

2. The Committee acknowledges that clarification is required on the issue of the value of the liens on the Conveying Subsidiaries' property to be used for calculating the diminution of value portion of the Judgment. Opp. p. 4.

3. The Committee argues that the apportionment of $403 million in new obligations to the Conveying Subsidiaries was done for "the distinctly different purpose of assessing the Debtors' post-transaction solvency." Opp. p. 5. This simply is not true as the Court also used the $403 million value of the Conveying Subsidiaries' new obligations for the purpose of determining whether the Conveying Subsidiaries received reasonably equivalent value at the time of the transaction. See Decision pp. 104, 143-44, 177. As the Court stated: "As found above, $403 million of the value of the assets subjected to the liens granted in the transaction is attributed to the Conveying Subsidiaries." Decision p. 177. The Court based its finding that, for reasonably equivalent value purposes, the value of the new obligations incurred by the Conveying Subsidiaries was $403 million, on the methodology used by the Committee's expert, Kevin Clancy. Decision p. 104.

4. Instead, the Decision can be interpreted as indicating the $403 million figure should be used in calculation of diminution of value. Decision p. 175 ("The value of a lien equals the lesser of the value of the collateral to which it attaches (the upper bound of what the lienholder can seize) and the amount of the debt it secures (the upper bound of what the lienholder can keep").).

NY2 - 532823.03

5.      The Committee also argues that there is no precedent for apportionment for the purpose of valuing liens. Opp. p. 5. However, courts have indeed apportioned liens for valuation purposes in the past. See, e.g., In re Colonial Ctr., Inc., 156 B.R. 452, 462 (Bankr. E.D. Pa. 1993) ("in calculating the liens against the estate property, one could apportion the liens among the various [estate and non-estate] properties to reflect the existence of this other collateral"); In re Miller, 55 B.R. 49 (Bankr. D.D.C. 1985) (apportioning liens among estate and non-estate properties for the purpose of calculating the liens against the estate property under Section 362(d)(2) of the Bankruptcy Code).

6.      The Committee goes on to suggest the use of a $450 million figure. The Committee argues that a different valuation of the liens is legally required for diminution of value purposes than the Court used for solvency purposes (and, as stated above, for reasonably equivalent value purposes), because the tax refund, which the Court previously held was a contingent interest on July 31, 2007 [D.E. 379 p. 16; D.E. 722 p. 164], should be considered for solvency purposes, but not for value of lien purposes.

7.      The Court's determination that the liens did not attach to the tax refund for preference purposes was based on a narrow application of federal tax law [D.E. 379 pp. 15-17] and federal and bankruptcy preference law. [D.E. 379 pp. 8-14.] Neither federal income tax law nor bankruptcy preference law has any applicability to the present issue of the diminution of value of the liens. Liens are a creature of, and therefore should be valued in accordance with, state law. Under state law, liens can and do attach to contingent interests. See, e.g., Clowe v. Seavey, 102 N.E. 521 (N.Y. 1913); In re Prudential Lines, 928 F.2d 565, 572 (2d Cir. 1991) ("The term 'property' has been construed most generously and an interest is not outside its reach

4

because it is novel or contingent or because enjoyment must be postponed.") (citing Segal v. Rochelle, 336 F.2d 298, 379 (5th Cir. 1964)); In re Matthews, 380 B.R. 602, 605 (Bankr. M.D. Fla. 2007) ("an interest of the debtor may constitute property of the estate . . . even if it is contingent or dependent on future events").  Thus, as a matter of state law it is clear that the liens attached to the tax refund at the time they were perfected, not at the time TOUSA's right thereto matured as a matter of federal tax law.  As such, no basis exists to exclude the tax refund from the allocation of assets for determining the diminution of value of the liens.

8. As stated above, we do not seek reargument on this issue.  We simply seek a clarification of the Court's Decision and Final Judgment.

## RELIEF REQUESTED

WHEREFORE, the First Lien Term Loan Defendants respectfully request that the Court enter an order clarifying (i) whether the payments received from TOUSA, Inc. are subject to disgorgement pursuant to paragraph 2 of the Decision and Judgment, (ii) if so, whether such payments should be disgorged to the Estate of TOUSA, Inc. or the collective Estates of the Conveying Subsidiaries,  and (iii) the value of the liens on the Conveying Subsidiaries' property as of July 31, 2007 that should be used for purposes of paragraph 4 of the Decision and Judgment.

**Certificate of Compliance with Local Rule 2090-1(A)**

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated:  November 9, 2009

                **STICHTER, RIEDEL, BLAIN & PROSSER, P.A.**

By:   /s/ *Amy Denton Harris*
       Richard Craig Prosser (354831)
       Amy Denton Harris (0634506)
       110 East Madison Street, Suite 200
       Tampa, Florida  33602-4718
       Telephone: (813) 229-0144
       Facsimile:  (813) 229-1811

                and

**CHADBOURNE & PARKE LLP**

Thomas J. Hall (admitted *pro hac vice*)
Thomas J. McCormack (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:   (212) 541-5369

*Attorneys for the First Lien Term Loan Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Reply in Support of the First Lien Term Loan Defendants' Motion for Clarification of Order* has been furnished on this 9th day of November, 2009, electronically via the Court's CM/ECF system and via electronic mail to:

**Counsel for the Official Committee of Unsecured Creditors:**
Lawrence S. Robbins
Alan D. Strasser
Michael L. Waldman
ROBBINS RUSSELL ENGLERT ORSECK UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, D.C. 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
lrobbins@robbinsrussell.com
astrasser@robbinsrussell.com
mwaldman@robbinsrussell.com

Patricia A. Redmond
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395
predmond@swmwas.com

**Counsel for the Debtors:**
Richard M. Cieri
Paul M. Basta
M. Natasha Labovitz
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
rcieri@kirkland.com
pbasta@kirkland.com
nlabovitz@kirkland.com

Daniel T. Donovan
Matthew E. Papez
Jeffrey S. Powell
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
ddonovan@kirkland.com
mpapez@kirkland.com
jpowell@kirkland.com

Paul Steven Singerman
BERGER SINGERMAN, P.A.
200 South Biscayne Boulevard
Suite 1000
Miami, FL 33131
Telephone: (305) 775-9500
singerman@bergersingerman.com

| **Counsel for Wells Fargo Bank, N.A.:** | **Counsel for the Second Lien Term Loan Lenders:** |
|---|---|
| Evan D. Flaschen<br>Gregory W. Nye<br>Richard F. Whiteley<br>Heath A. Novosad<br>BRACEWELL & GIULIANI LLP<br>Goodwin Square<br>225 Asylum Street, Suite 2600<br>Hartford, CT 06013<br>Telephone:  (860) 947-9000<br>Facsimile:  (860) 246-3201<br>evan.flaschen@bgllp.com<br>gregory.nye@bgllp.com<br>Richard.whiteley@bgllp.com<br>heath.novosad@bgllp.com | Evan D. Flaschen<br>Gregory W. Nye<br>Richard F. Whiteley<br>Heath A. Novosad<br>BRACEWELL & GIULIANI LLP<br>Goodwin Square<br>225 Asylum Street, Suite 2600<br>Hartford, CT 06013<br>Telephone:  (860) 947-9000<br>Facsimile:  (860) 246-3201<br>evan.flaschen@bgllp.com<br>gregory.nye@bgllp.com<br>Richard.whiteley@bgllp.com<br>heath.novosad@bgllp.com |
| Scott L. Baena<br>Matthew I. Kramer<br>Jeffrey Snyder<br>BILZIN SUMBERG BAENA PRICE & AXELROD LLP<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, FL  33131<br>Telephone:  (305) 350-7245<br>Facsimile: (305) 374-7593<br>sbaena@bilzin.com<br>mkramer@bilzin.com<br>jsnyder@bilzin.com | David M. Levine<br>Lawrence A. Kellogg<br>Jeffrey C. Schneider<br>TEW CARDENAS LLP<br>Four Seasons Tower, 15th Floor<br>1441 Brickell Avenue<br>Miami, FL  33131<br>Telephone:  (305) 536-1112<br>Facsimile:  (305) 536-1116<br>dml@tewlaw.com<br>lak@tewlaw.com<br>jcs@tewlaw.com |

NY2 - 532823.03

**Counsel for**
**Senior Transeastern Lenders:**

Dennis F. Dunne
Andrew M. LeBlanc
Andrew Beirne
Dennis C. O'Donnell
David R. Eastlake
MILBANK, TWEED, HADLEY & MCCLOY, LLP
1 Chase Manhattan Plaza
New York, NY  10005
Telephone:  (212) 530-5287
Facsimile:  (212) 530-5219
ddunne@milbank.com
aleblanc@milbank.com
abeirne@milbank.com
dodonnell@milbank.com
deastlake@milbank.com

Michael I. Goldberg
AKERMAN SENTERFITT
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2229
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224
michael.goldberg@akerman.com

**United States Trustee:**

Steven D. Schneiderman
Office of the U.S. Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, FL  33130
Telephone:  (305) 536-7285
Facsimile:  (305) 536-7360
Steven.D.Schneiderman@usdoj.gov

**Counsel for**
**New Subordinated Noteholders**

Ileana A. Cruz
Jaime A. Bianchi
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL  33131
Telephone:  (305) 371-2700
Facsimile:  (305) 995-5289
icruz@whitecase.com
jbianchi@whitecase.com

David G. Hille
Meghan McCurdy
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
dhille@whitecase.com
mmccurdy@whitecase.com

NY2 - 532823.03

/s/ *Amy Denton Harris*

Amy Denton Harris

10