# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
#### www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>TOUSA, INC., *et al.*,<br><br>               Debtors. | Chapter 11 Cases<br><br>Case No. 08-10928-JKO<br><br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS OF TOUSA, INC., *et al.*,<br><br>          Plaintiffs-Appellees,<br><br>   v.<br><br>CITICORP NORTH AMERICA, INC., *et al.*,<br><br>          Defendants-Appellants. | Adv. Pro. No. 08-01435 |
| 3V CAPITAL MASTER FUND LTD., *et al.*,<br><br>          Counterclaim and Crossclaim<br>          Plaintiffs-Appellants,<br><br>   v.<br><br>OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS OF TOUSA, INC., TOUSA, INC.,<br>TOUSA HOMES, L.P., TE/TOUSA, LLC,<br>TE/TOUSA MEZZANINE TWO, LLC,<br>TE/TOUSA MEZZANINE, LLC, TE/TOUSA<br>SENIOR, LLC, EH/TRANSEASTERN, LLC,<br>TOUSA HOMES FLORIDA, L.P.<br><br>          Counterclaim and Crossclaim<br>          Defendants-Appellees. | |

### REQUEST FOR LEAVE TO AMEND THE SENIOR TRANSEASTERN LENDERS' DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL

Certain of the Lenders on the $450,000,000 Credit Agreement dated as of August 1, 2005 (collectively, the "Senior Transeastern Lenders")[1], hereby request leave to amend the Senior Transeastern Lenders' Designation of Record and Statement of Issues on Appeal (D.E. 741), filed timely on November 6, 2009. The Senior Transeastern Lenders file this motion out of an abundance of caution and for the avoidance of any doubt about the issues presented on this appeal.

---

[1]    The Senior Transeastern Lenders, for the purpose of this Request for Leave to Amend the Senior Transeastern Lenders' Designation of Record and Statement of Issues on Appeal, are: 3V Capital Master Fund Ltd.; Atascosa Investments, LLC; Aurum CLO 2002-1 Ltd.; Bank of America, N.A.; Bear Stearns Investment Products Inc.; Burnet Partners, LLC; Centurion CDO 10, Ltd.; Centurion CDO 8, Limited; Centurion CDO 9, Ltd.; Centurion CDO II, Ltd.; Centurion CDO VI, Ltd.; Centurion CDO VII, Ltd.; Centurion CDO XI, Ltd.; Deutsche Bank Trust Company Americas; Distressed High Yield Trading Ops. Fund Ltd.; Eaton Vance Credit Opportunities Fund; Eaton Vance Floating-Rate Income Trust; Eaton Vance Grayson & Co.; Eaton Vance Limited Duration Income Fund; Eaton Vance Senior Debt Portfolio; Eaton Vance Senior Floating-Rate Trust; Eaton Vance Senior Income Trust; Eaton Vance VT Floating-Rate Income Fund; Farallon Capital Institutional Partners II, L.P.; Farallon Capital Institutional Partners III L.P.; Farallon Capital Institutional Partners L.P.; Farallon Capital Offshore Investors II, L.P.; Farallon Capital Offshore Investors, Inc.; Farallon Capital Partners L.P.; Flagship CLO III; Flagship CLO IV; Flagship CLO V; Gleneagles CLO Ltd.; Goldman Sachs Credit Partners, L.P.; Grand Central Asset Trust, CED Series; Grand Central Asset Trust, HLD Series; Grand Central Asset Trust, SOH Series; Hartford Mutual Funds, Inc., on behalf of The Hartford Floating Rate Fund by Hartford Investment Management Company, their Sub-Advisor; Highland CDO Opportunity Fund, Ltd.; Highland Credit Opportunities CDO Ltd.; Highland Floating Rate Advantage Fund; Highland Floating Rate LLC; Highland Legacy Limited; Highland Offshore Partners, L.P.; JPMorgan Chase Bank, N.A.; Jasper CLO, Ltd.; LL Blue Marlin Funding LLC; Liberty CLO, Ltd.; Loan Funding VII, LLC; Merrill Lynch Credit Products LLC; Monarch Master Funding Ltd (f/k/a Quadrangle Master Funding Ltd.); Ocean Bank; Riversource Floating Rate Fund; Rockwall CDO, Ltd.; Sequils-Centurion V, Ltd.; Silver Oak Capital LLC; Stedman CBNA Loan Funding LLC; The Foothills Group, Inc.; Tinicum Partners, L.P.; Van Kampen Dynamic Credit Opportunities Fund; Van Kampen Senior Income Trust; Van Kampen Senior Loan Fund; and Wells Fargo Bank, N.A. The CIT Group/Business Credit, Inc., is not a Senior Transeastern Lender for the purpose of this motion.

## PROCEDURAL HISTORY

1.      On January 29, 2008, TOUSA, Inc. and certain of its affiliates (collectively, the "Debtors") initiated a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Florida.[2]

2.      On July 14, 2008, the Official Committee of Unsecured Creditors of TOUSA, Inc. (the "Committee") brought an adversary action (the "Adversary Action") against the Senior Transeastern Lenders and other Defendants.[3]

3.      On July 2, 2009, the Bankruptcy Court in the Adversary Action (The Honorable John K. Olson) issued the *Order Granting Debtors' Motion to Strike the Senior Transeastern Lenders' and The CIT Group/Business Credit, Inc.'s Counterclaims and Third-Party Complaints* (AA D.E. 508).

4.      On July 8, 2009, the Bankruptcy Court issued the *Order Granting the Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses Based on Substantive Consolidation, Single Business Enterprise, and Alter Ego* (AA D.E. 513).

5.      On July 10, 2009, the Senior Transeastern Lenders initiated an interlocutory appeal seeking review of the bankruptcy court's July 2, 2009, order (AA D.E. 508) by timely filing their Notice of Appeal (AA D.E. 534) (the "First Appeal"). On July 20, 2009, the Senior Transeastern Lenders filed their Designation of Record and Statement of Issues on Appeal (AA D.E. 561) in the First Appeal. The United States District Court for the Southern District of Florida subsequently docketed the First Appeal as Case No. 09-61308.[4]

---

[2]      The main bankruptcy action is Case No. 08-10928-JKO.
[3]      The Adversary Action is Adv. No. 08-01435-JKO. Docket entries in the Adversary Action are designated "AA."
[4]      Docket entries in the First Appeal are designated "FA."

6.     On July 20, 2009, the Senior Transeastern Lenders initiated an interlocutory appeal seeking review of the Bankruptcy Court's July 8, 2009, order (AA D.E. 513) by timely filing their Notice of Appeal (AA D.E. 560) (the "Second Appeal"). On July 30, 2009, the Senior Transeastern Lenders filed their Designation of Record and Statement of Issues on Appeal (AA D.E. 570) in the Second Appeal. The United States District Court for the Southern District of Florida subsequently docketed the Second Appeal as Case No. 09-61437.[5]

7.     The trial in the Adversary Action took place in July and August 2009. At the conclusion of the trial, Judge Olson took the matter under advisement.

8.     At the Senior Transeastern Lenders' request, the District Court consolidated the First Appeal and the Second Appeal and stayed the consolidated proceeding pending the outcome of the trial in the Adversary Action (*see* FA D.E. 19 & SA D.E. 8).

9.     On October 13, 2009, the Bankruptcy Court issued the *Findings of Fact and Conclusions of Law* (AA D.E. 658) and the *Final Judgment* (AA D.E. 659) in the Adversary Action, finding in favor of the Committee.

10.     On October 20, 2009, the Senior Transeastern Lenders filed their Notice of Appeal (AA D.E. 670), appealing the *Findings of Fact and Conclusions of Law* (AA D.E. 658) and the *Final Judgment* (AA D.E. 659). The Bankruptcy Court has not yet transmitted the Record to the District Court, which therefore has not yet docketed this third appeal (the "Third Appeal").

---

[5]     Docket entries in the Second Appeal are designated "SA."

11.    On October 30, 2009, the Bankruptcy Court issued the *Amended Findings of Fact and Conclusions of Law* (AA D.E. 722), which amends and replaces the *Findings of Fact and Conclusions of Law* (AA D.E. 658) and the *Amended Final Judgment* (AA D.E. 721), which amends and replaces the *Final Judgment* (AA D.E. 659) (collectively, the "Amended Judgment").

12.    On November 6, 2009, the Senior Transeastern Lenders timely filed their Designation of Record and Statement of Issues on Appeal (AA D.E. 741), referencing their Notice of Appeal (AA D.E. 670) for the Third Appeal.

13.    On November 9, 2009, the Senior Transeastern Lenders timely filed their Amended Notice of Appeal (AA D.E. 747), appealing the *Amended Findings of Fact and Conclusions of Law* (AA D.E. 722) and the *Amended Final Judgment* (AA D.E. 721).

14.    By Order entered November 12, 2009, the District Court, in *3V Capital Master Fund, Ltd., et al. v. Official Committee of Unsecured Creditors of TOUSA, Inc., et al.*, Case Nos. 09-61308-CIV-AJ and 09-61437-CIV-AJ, dismissed the Senior Transeastern Lenders' appeals of: (1) the *Order Granting Debtors' Motion to Strike the Senior Transeastern Lenders' and The CIT Group/Business Credit, Inc.'s Counterclaims and Third-Party Complaints* (AA D.E. 508), entered on July 2, 2009; and (2) the *Order Granting the Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses Based on Substantive Consolidation, Single Business Enterprise, and Alter Ego* (AA D.E. 513), entered on July 8, 2009. (*See Order Dismissing Interlocutory Appeals & Closing Cases*, SA D.E. 11.) In doing so, the District Court observed that the Senior Transeastern Lenders, "can raise any issues resolved adversely to them by the bankruptcy

court prior to entry of final judgment (including the ones raised in these interlocutory appeals)."

## DISCUSSION

The District Court observed in the *Order Dismissing Interlocutory Appeals & Closing Cases* that in the Senior Transeastern Lenders' appeal from the Amended Judgment, they "can raise any issues resolved adversely to them by the bankruptcy court prior to entry of final judgment (including the ones raised in these interlocutory appeals). That is because an appeal from a final judgment brings up not only the judgment, but any interlocutory rulings leading up to the judgment. *See, e.g., M.T. Reed Const. Co. v. Virginia Metal Products Co.*, 214 F.2d 127, 128 (5th Cir. 1954)."[6] In light of the District Court's observation, and for the avoidance of any doubt about the issues presented on this appeal, the Senior Transeastern Lenders therefore request to file the Amended Designation of Record and Statement of Issues on Appeal and raise in the Third Appeal all of the issues raised in the First Appeal and the Second Appeal.

Allowing the Senior Transeastern Lenders to amend their Designation of Record and Statement of Issues on Appeal would not unduly prejudice the Plaintiffs or the Debtors. The Senior Transeastern Lenders, in their Designation of Record and Statement of Issues on Appeal (D.E. 741), specifically incorporated by reference their Designation of Record and Statement of Issues on Appeal in their two timely filed earlier

---

[6]    *See also Daniel v. United States Marshall Serv.*, 188 Fed. App'x 954, 960-61 (11th Cir. 2006) ("[W]hen a party files a notice of appeal from the final judgment of the district court, we may review all prior interlocutory orders."); *Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989) ("[T]his circuit has recognized that since only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment.").

appeals (D.E. 561, 570) that were the subject of the District Court's *Order Dismissing Interlocutory Appeals & Closing Cases*. (*See* D.E. 741 at 1-2 n.2.)

In addition, both the Committee and the Debtors suggest in the briefing on the two interlocutory appeals that the appropriate time for the appeals to be heard is on an appeal from a final judgment.[7] Moreover, the issues raised by the Senior Transeastern Lenders in the Second Appeal are already the subject of appeal by the New Lenders. (*See* AA D.E. 742; 767; 740; 668; 748; 664; 749.)  It is clear that allowing the Senior Transeastern Lenders to file their Amended Designation of Record and Statement of the Issues will not unduly prejudice the Plaintiffs or the Debtors.

The District Court has discretion to grant leave to amend the Senior Transeastern Lenders' Designation of Record and Statement of Issues on Appeal. *See Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.)*, 127 B.R. 267, 274 (D. Colo. 1991) (granting leave to amend the statement of issues on appeal and designation of record); *Guar. Sav. & Loan Ass'n v. Lowe*, 109 B.R. 698, 698 (W.D. Vir. 1990) (noting that the bankruptcy court had previously allowed the plaintiffs to amend the statement of issues on appeal).

Counsel for the Senior Transeastern Lenders has conferred with counsel for the Committee and counsel for the Debtors in connection with this Motion.  The

---

[7]     The Debtors, in their Opposition to Appellant's Motion to Stay the Appeal (FA D.E. 11), stated that the Senior Transeastern Lenders should "voluntarily dismiss their interlocutory appeal and refile at the appropriate time." (FA D.E. 11 at 1.) The Debtors also stated that the "proper remedy to address this situation is therefore also the one that makes the most sense: dismiss the interlocutory appeal, and if the TE Lenders see fit to re-file the appeal when a final judgment is entered in the underlying litigation, then the parties and the Court can address that appeal at that time." (FA D.E. 18 at 6.) The Committee agreed with the Debtors and stated in their Opposition to Appellants' Motion to Stay Briefing Schedule in Consolidated Proceeding and Motion to Dismiss for Lack of Jurisdiction that the interlocutory appeals "can be challenged in a timely appeal from final judgment." (FA D.E. 21 at 4 n.4.)

Committee does not oppose the Motion as it relates to the Senior Transeastern Lenders' appeal against the Committee; it takes no position on the motion as it relates to the Senior Transeastern Lenders' potential appellate rights with respect to the Debtors. Counsel for the Senior Transeastern Lenders and counsel for the Debtors were not able to come to agreement and the Debtors reserve all rights to respond to the Motion, as it relates to the Senior Transeastern Lenders' claims against the Debtors, in due course. The Debtors take no position on the Motion to the extent that it relates to the claims being pursued by the Committee.

WHEREFORE, the Senior Transeastern Lenders respectfully request that this Court grant leave to amend and permit the Senior Transeastern Lenders' Amended Designation of Record and Statement of Issues on Appeal to be filed.

## ATTORNEY CERTIFICATION

I, Michael I. Goldberg, here by certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that the attorneys with Milbank, Tweed, Hadley & McCloy, LLP, appearing pro hac vice in this matter, were admitted pursuant to Court Order dated August 27, 2008 as to Andrew W. Leblanc (D.E. 48) and Andrew T. Beirne (D.E. 49); and dated August 28, 2008 as to Dennis F. Dunne (D.E. 53).

Respectfully submitted,

MILBANK, TWEED, HADLEY & McCLOY LLP
Dennis F. Dunne (pro hac vice)
Andrew M. Leblanc (pro hac vice)
Andrew T. Beirne (pro hac vice)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: 212-530-5000
Facsimile: 212-530-5219

and

AKERMAN SENTERFITT
Las Olas Centre II, Suite 1600
3350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: michael.goldberg@akerman.com


By: /s/ Michael I. Goldberg
    Michael I. Goldberg, Esq.
    Florida Bar Number 886602

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 23, 2009, I electronically filed the foregoing *Amended Designation of Record and Statement of Issues on Appeal* with the Clerk of the Court using CM/ECF.  I also certify that notification of the filing of the foregoing document will be served on all counsel of record via CM/ECF and e-mail as indicated on the attached Service List.

By:  /s/ Michael I. Goldberg

## SERVICE LIST

Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
150 W. Flagler St., Suite 2500
Miami, FL 33130
*predmond@swmwas.com*

Michael L. Waldman, Esq.
Robbins, Russell, Englert, Orseck,
 Untereiner & Sauberg, LLP
1801 K Street, N.W. – Suite 411-L
Washington, D.C. 20006
*mwaldman@robbinsrussell.com*

Paul Steven Singerman, Esq.
Berger Singerman, P.A.
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
*singerman@bergersingerman.com*

Allan E. Wulbern, Esq.
Stephen D. Busey, Esq.
Smith, Hulsey & Busey
225 Water St., # 1800
Jacksonville, FL 32202
*awulbern@smithhulsey.com*

Amy D. Harris, Esq.
Strichter, Riedel, Blain & Prosser, P.A.
110 E. Madison St., #200
Tampa, FL 33602
*aharris.ecf@srbp.com*

Joseph H. Smolinsky, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
*joseph.smolinsky@weil.com*

Thomas J. Hall, Esq.
Eric J. Przybylko, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10012
*thall@chadbourne.com*
*eprzybylko@chadbourne.com*

Scott L. Baena, Esq.
Matthew I. Kramer, Esq.
Jeffrey I. Snyder, Esq.
Bilzin Sumberg Baena Price &
 Axelrod LLP
200 S. Biscayne Blvd., #2500
Miami, FL 33131
*sbaena@bilzin.com*

Gregory W. Nye, Esq.
Richard Whiteley, Esq.
Bracewell & Giuliani LLP
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
*gregory.nye@bgllp.com*
*richard.whiteley@bgllp.com*

M. Natasha Labovitz, Esq.
Matthew E. Papez, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
*natasha.labovitz@kirkland.com*
*matthew.papez@kirkland.com*