UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>TOUSA, INC., *et al.*,<br><br>    Debtors. | Case No. 08-10928-JKO<br>Chapter 11 Cases<br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*,<br><br>    Plaintiffs,<br>  v.<br><br>CITICORP NORTH AMERICA, Inc., *et al.*,<br><br>    Defendants. | Adv. Pro. No. 08-1435-JKO |

### *EX PARTE* MOTION FOR AN ORDER (I) AUTHORIZING THE RELEASE OF CERTAIN ESCROWED FUNDS AND (II) CLARIFYING THE RELEASE OF CERTAIN BONDS IN CONNECTION WITH THE CONFIRMATION ORDER

The TOUSA Liquidation Trust (the "Liquidation Trust") seeks entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"),[1] (i) authorizing the clerk of the Court to release certain funds (the "Escrowed Funds") escrowed with the Bankruptcy Court for the Southern District of Florida (the "Court") in connection with the First Lien Term Loan Lender Defendants' appeal of the Court's final judgment entered in the adversary proceeding styled as *Official Committee of Unsecured Creditors of TOUSA, Inc. v. Citicorp North America, Inc.* [Adv. Pro. No. 08-01435] (the "Committee Action")[2] and (ii)

---

[1] All capitalized terms used and not otherwise defined herein shall have the meaning(s) ascribed to such terms in the *Amended Joint Plan of Liquidation of TOUSA, Inc. and Its Affiliated Debtors and Debtors in Possession Under Chapter 11 of the Bankruptcy Code,* dated July 30, 2013 (the "Plan") or the Disclosure Statement (as defined herein), as applicable.

[2] Unless otherwise indicated, all docket citations relate to filings in Adv. Pro. No. 08-01435.

1

clarifying that the transfer by a Term Loan Lender Defendant, or its designee, directly to the Liquidation Trust of amounts due with respect any Term Loan Lender Disgorgement Payment owed by such Term Loan Lender Defendant shall be sufficient to fully and unconditionally discharge and release any supersedeas bond (each, a "Surety Bond") posted by such Term Loan Lender Defendant with respect thereto.  In support of this motion, the Liquidation Trust respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is Rule 9013-1(C)(1) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules").

### Relief Requested

4. By this motion, the Liquidation Trust requests entry of the Proposed Order, (i) authorizing the Clerk of the Court to release the Escrowed Funds in accordance with the Confirmation Order (as defined herein) and the instructions set forth on **Exhibit 1** to **Exhibit A** attached hereto and (ii) clarifying that the transfer by a Term Loan Lender Defendant, or its designee, directly to the Liquidation Trust of amounts due with respect to any Term Loan Lender Disgorgement Payment owed by such Term Loan Lender Defendant shall be sufficient to fully and unconditionally discharge and release any Surety Bonds posted by such Term Loan Lender Defendant with respect thereto.

**Basis for Relief**

## I.     The Committee Action

5.     As detailed in the *Disclosure Statement for Amended Joint Plan of Liquidation of TOUSA, Inc. and Its Affiliated Debtors and Debtors in Possession Under Chapter 11 of the Bankruptcy Code* [Case No. 08-10928, ECF No. 9246] (the "Disclosure Statement"), on July 14, 2008, the Official Committee of Unsecured Creditors of TOUSA, Inc. appointed in the above-captioned, jointly administered chapter 11 cases (the "Committee") commenced the Committee Action by filing a complaint [ECF No. 1], which (i) set forth several bases for recovery against certain defendants, including, among other parties, the Term Loan Lender Defendants and (ii) sought, *inter alia*, the avoidance of allegedly fraudulent transfers arising in connection with certain secured debt obligations that were incurred by the Conveying Subsidiaries.

6.     On October 13, 2009, the Court entered its decision and final judgment (as subsequently amended and replaced on October 30, 2009, the "Bankruptcy Court Decision") in favor of the Committee.[3]

7.     Following the entry of the Bankruptcy Court Decision, the First Lien Term Loan Lender Defendants and Second Lien Term Loan Lender Defendants each filed notices of appeal [ECF Nos. 668, 664] and motions to stay the Bankruptcy Court Decision pending appeal [ECF Nos. 669, 666] (collectively, the "Term Loan Lender Defendants' Stay Motions").[4]

8.     On October 30, 2009, the Court granted the Term Loan Lender Defendants' Stay Motions as to their payment and disgorgement obligations, subject to the posting of Surety

---

[3]  *See Official Comm. of Unsecured Creditors of TOUSA, Inc. v. Citicorp N.A., Inc. (In re TOUSA, Inc.)*, 422 B.R. 783 (Bankr. S.D. Fla. 2009).

[4]  The Transeastern Lenders also filed a notice of appeal [ECF No. 670] and a motion to stay the Bankruptcy Court Decision [ECF No. 671]. The Committee Action as to the First Lien Revolver Lenders was dismissed before trial. Such dismissal was affirmed on appeal to the District Court and the Committee did not appeal further.

Bonds in the amount of 110% of such amounts [ECF No. 723] (the "Bankruptcy Court Stay Order").[5] With respect to the First Lien Term Loan Lender Defendants, the Bankruptcy Court Stay Order provided that the Bankruptcy Court Decision would be stayed upon the posting of Surety Bonds in the aggregate amount of $145,090,000. With respect to the Second Lien Term Loan Lender Defendants, the Bankruptcy Court Stay Order provided that the Bankruptcy Court Decision would be stayed upon the posting of Surety Bonds in the aggregate amount of $23,635,830.

9.     On November 10, 2009, certain defendants, including the First Lien Term Loan Lender Defendants, filed emergency motions for stays pending appeal in the District Court, seeking to eliminate or lower the Surety Bond amounts required pursuant to the Bankruptcy Court Stay Order. On November 23, 2009, the District Court issued an order [Case No. 09-23425, ECF No. 20] (the "District Court Stay Order" and, together with the Bankruptcy Court Stay Order, the "Stay Orders") modifying the Bankruptcy Court Stay Order and reducing the amount of the Surety Bonds that the First Lien Term Loan Lender Defendants were required to post to $117,100,000 plus 10%, for a total amount of $128,810,000. Additionally, on December 9, 2009, the First Lien Term Loan Lender Defendants filed a motion [ECF No. 783] (the "Stay Modification Motion") seeking to modify the Stay Orders to increase the aggregate amount of Surety Bonds to be posted by the First Lien Term Loan Lender Defendants from $128,810,000 to $128,958,643 to conform with further accounting of the amounts at issue.[6] On December 30, 2009, the Court entered an order [ECF No. 837] granting the relief sought in the Stay

---

[5]  More specifically, the Stay Order provided that supersedeas bonds would be acceptable in the form of cash or a bond or bonds issued by an insurance company rated A+ or better by A.M. Best Company in the aggregate amount set forth with respect to each group of appealing defendant.

[6]  In connection with the Stay Modification Motion, the Second Lien Term Loan Lender Defendants made an oral motion to increase the aggregate amount of bonds to be posted by the Second Lien Term Loan Lender Defendants from $23,635,830 to $23,807,423.31.

Modification Motion and thereby increasing (i) the aggregate amount of bonds to be posted by the First Lien Term Loan Lender Defendants to $128,958,643 and (ii) the aggregate amount of Surety Bonds to be posted by the Second Lien Term Loan Lender Defendants to $23,807,423.31.

10. Consistent with the Stay Orders, each First Lien Term Loan Lender Defendant either (i) escrowed certain funds with the Court,[7] (ii) escrowed certain funds with the Committee or (iii) posted Surety Bonds. The Second Lien Term Loan Lender Defendants did not escrow any funds with the Court or the Committee in connection with their appeal of the Committee Action. Rather, the Second Lien Term Loan Lender Defendants posted Surety Bonds in accordance with the Stay Orders.

**II.     Confirmation of the Plan**

11. On May 15, 2013, after more than five years in bankruptcy, including multiple attempts to conclude these Chapter 11 Cases through various restructuring initiatives, the Debtors and the Committee filed the initial versions of the Plan [Case No. 08-10928, ECF No. 9168] and the accompanying Disclosure Statement. The Plan, which incorporated no fewer than fifteen independent settlements—including a resolution of the Committee Action as between the Committee and the First Lien Revolver Lenders, First Lien Term Loan Lenders and Second Lien Term Loan Lenders—represented a carefully crafted and extremely fragile agreement supported by the Debtors, the Committee, the First Lien Revolver Agent, the First Lien Revolver Sub-Agent, the First Lien Term Loan Agent, the Second Lien Term Loan Agent, the First Lien Revolver Lenders, the First Lien Term Loan Lenders, the Second Lien Term Loan Lenders, the Settling Transeastern Lenders, MatlinPatterson, Aurelius, Monarch, the Directors and Officers and the Settling D&O Insurers.

---

[7] The First Lien Term Loan Lender Defendants collectively submitted approximately $11,662,136.79 in Escrowed Funds with the Court.

12. On August 6, 2013, the Court entered its *Findings of Fact, Conclusions of Law and Order (I) Confirming Amended Joint Plan of Liquidation of TOUSA, Inc. and Its Affiliated Debtors and Debtors in Possession Under Chapter 11 of the Bankruptcy Code, (II) Dismissing the Chapter 11 Case Against TOUSA Homes, L.P. and (III) Establishing a Bar Date for Lease Rejection Claims* [Case No. 08-10928, ECF No. 9441] (the "Confirmation Order") confirming the Plan.

### III.  Release of Escrowed Funds

13. The Confirmation Order provides that the Escrowed Funds shall be released to the various parties not later than seven business days after the Effective Date of the Plan, which occurred on August 21, 2013.[8]  More specifically, the Confirmation Order provides:

> To the extent that a Term Loan Lender has posted . . . cash collateral in respect of the Principal and Interest Disgorgement or the Second Lien Term Loan Professional Fee Disgorgement . . . (ii) in respect of cash collateral posted by a Term Loan Lender Defendant with this Court, such cash collateral shall be released in the amounts set forth in the Disgorgement Schedule to the Liquidation Trust . . . Upon the full payment of a Term Loan Lender Defendant's Term Loan Lender Disgorgement Payment and Tax Refund Recovery True-Up Payment (if any), any amounts posted as collateral or escrowed by such Term Loan Lender Defendant in excess of the amount of such Term Loan Lender Defendant's Term Loan Lender Disgorgement Payment . . . and Tax Refund Recovery True-Up Payment shall be released to or for the benefit of such Term Loan Lender Defendant.

Confirmation Order ¶ 88(f).

14. Consistent with the Confirmation Order, and in coordination with the First Lien Term Loan Lender Defendants and the Court, the Liquidation Trust seeks release of the Escrowed Funds to effectuate consummation of the Plan. To this end, the Liquidation Trust respectfully requests that upon entry of the Proposed Order, the Clerk of the Court wire the

---

[8] *See Notice of (A) the Occurrence of the Effective Date Under the Amended Joint Plan of Liquidation of TOUSA, Inc. and its Affiliated Debtors and Debtors in Possession Under Chapter 11 of the Bankruptcy Code; (B) Administrative Claims Bar Date; (C) Rejection Claims Bar Date; and (D) Deadline for Professionals to File Final Fee Applications* [Case No. 08-10928, ECF No. 9494].

Escrowed Funds to the Liquidation Trust in accordance with the Confirmation Order, in the amounts set forth on, and pursuant to the wiring information set forth on, **Exhibit 1** to **Exhibit A.**

### IV. Release of Surety Bonds

15. With respect to the release of the Surety Bonds, the Confirmation Order provides that each Surety Bond will be released and discharged upon payment by the relevant surety company to the Liquidation Trust. Specifically, the Confirmation Order provides:

> Upon payment by a surety company that has posted a bond in respect of any Term Loan Lender Disgorgement of the amounts described in paragraphs 86(b) and 87(f) (including, without limitation, the release of any excess amounts posted as collateral therefore to the respective Term Loan Lender Defendant), (i) such supersedeas bond shall no longer be required and shall be fully and unconditionally discharged, released and exonerated and such Term Loan Lender Defendant and such surety company in respect of such supersedeas bond shall be fully and unconditionally discharged and released from any and all past, present and future liability arising under or in connection with the issuance of such bond (and any instrument representing or evidencing such bond shall be returned to such Term Loan Lender Defendant or, if so directed by such Term Loan Lender Defendant, to such surety company) and (ii) such Term Loan Lender Defendant will be fully and finally released from, and the Committee and the Debtors shall be deemed to fully and finally waive with respect to such Term Loan Lender Defendant in respect of the Term Loan Lender Disgorgement Payments or any other amounts as may be adjudged or awarded against such Term Loan Lender Defendants in respect of the Term Loan Lender Disgorgement Payments in connection with the Committee Action.

Confirmation Order ¶ 88(h).

16. Moreover, the Confirmation Order does not permit a Term Loan Lender Defendant, or its designee, to pay a Term Loan Lender Disgorgement Payment directly, but instead contemplates that such payment will come from the applicable Surety Bond provider.

17. Certain of the First Lien Term Loan Lender Defendants' Surety Bond providers, however, require that the applicable First Lien Term Loan Lender Defendant, or its designee, make the required payments directly. Additionally, certain of the First Lien Term Loan Lender

7

Defendants' Surety Bond providers and the Second Lien Term Loan Lender Defendants' Surety Bond providers did not require the applicable Term Loan Lender Defendant, or its designee, to post security with respect to its Surety Bonds, but rather intended for the applicable Term Loan Lender Defendant, or its designee, to make the required payments directly.

18. To address these issues and facilitate a smooth consummation of the Plan, the Proposed Order clarifies that upon payment by a Term Loan Lender Defendant, or its designee, of its respective Term Loan Lender Disgorgement Payment, the Surety Bond posted on account of such amount shall be released and discharged to the same extent as if the applicable Term Loan Lender Disgorgement Payment had been paid directly by the surety company as contemplated in paragraph 88(h) of the Confirmation Order.

### Local Rule 9013-1(C)(1) Certification

19. Local Rule 9013-1(C)(1) provides that a party may file a motion seeking relief from the Court on an *ex parte* basis if the movant certifies that all affected parties have consented to the relief requested. LOCAL R. 9013-1(C)(1). In accordance with Local Rule 9013-1(C)(1), the Liquidation Trust certifies that the lenders affected by the release of the Escrowed Funds and transfer of the Term Loan Lender Disgorgement Payments have consented to the relief sought herein.

### Notice

20. The Liquidation Trust has provided notice of this motion to: (a) the Office of the United States Trustee for the Southern District of Florida; (b) counsel to the agent for the Debtors' prepetition first lien facilities; (c) counsel to the agent for the Debtors' prepetition second lien facility; (d) counsel to the *ad hoc* group of lenders, assignees or participants with respect to the Debtors' prepetition second lien facility; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the indenture trustee for each of the Debtors'

outstanding bond issuances; (h) each Term Loan Lender Defendant and each surety company or other financial institution that has posted a supersedeas bond, cash collateral or similar security on behalf of a Term Loan Lender Defendant; and (i) all parties who have filed notices of appearance and requests for pleadings in these chapter 11 cases. In light of the nature of the relief requested, the Liquidation Trust respectfully submits that no further notice is necessary.

WHEREFORE, the parties respectfully request that the Court enter an order, in the form attached hereto as **Exhibit A**, (i) authorizing the Clerk of the Court to release the Escrowed Funds in accordance with the instructions set forth on **Exhibit 1** to the Proposed Order, (ii) clarifying that upon payment by a Term Loan Lender Defendant, or its designee, of its respective Term Loan Lender Disgorgement Payment obligation, the Surety Bond posted on account of such amount shall be released and discharged to the same extent as if the applicable Term Loan Lender Disgorgement Payment had been paid directly by the surety company as contemplated in paragraph 88(h) of the Confirmation Order and (iii) granting such other and further relief as the Court deems just and proper.

[*Remainder of this page is left intentionally blank*]

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Bankruptcy Rule 2090-1.

Dated: August 28, 2013

Respectfully submitted,

By: */s/ Patricia A. Redmond*

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Patricia A. Redmond (Florida Bar No. 303739)
150 West Flagler Street
Miami, FL 33130
Telephone: (305) 789–3553
Facsimile: (305) 789–3395

–and–

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Daniel H. Golden (New York Bar No. 1133859)
Philip C. Dublin (New York Bar No. 2959344)
One Bryant Park
New York, NY 10036
Telephone: (212) 872–1000
Facsimile: (212) 872–1002

–and–

**ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP**
Lawrence S. Robbins (DC Bar No. 420260)
Michael Waldman (DC Bar No. 414646)
1801 K Street N.W., Suite 411-L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510

*Co–counsel to the TOUSA Liquidation Trust*

By: */s/ Paul Steven Singerman*

**BERGER SINGERMAN LLP**
Paul Steven Singerman (Florida Bar No. 378860)
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

–and–

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (New York Bar No. 4207122)
Joshua A. Sussberg (New York Bar No. 4216453)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Co-counsel to the TOUSA Liquidation Trust*

# **<u>EXHIBIT A</u>**

105013389 v4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>TOUSA, INC., *et al.*,<br><br>                  Debtors. | Case No. 08-10928-JKO<br>Chapter 11 Cases<br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.,*<br><br>                  Plaintiffs,<br>      v.<br><br>CITICORP NORTH AMERICA, Inc., *et al.,*<br><br>                  Defendants. | Adv. Pro. No. 08-1435-JKO |

**ORDER (I) AUTHORIZING THE RELEASE OF**
**CERTAIN ESCROWED FUNDS AND (II) CLARIFYING THE RELEASE**
**OF CERTAIN BONDS IN CONNECTION WITH THE CONFIRMATION ORDER**

Upon consideration of the Ex Parte *Motion for an Order (i) Authorizing the Release of*

*Certain Escrowed Funds and (ii) Clarifying the Release of Certain Bonds in Connection with the*

105013389 v4

*Confirmation Order* [ECF No. ____] (the "Motion")[1] of the TOUSA Liquidation Trust (the "Liquidation Trust") requesting entry of an order (i) authorizing the Clerk of the Court to release the Escrowed Funds in accordance with the Confirmation Order and the instructions attached hereto as **Exhibit 1** and (ii) clarifying that the transfer by a Term Loan Lender Defendant, or its designee, directly to the Liquidation Trust of amounts due with respect to any Term Loan Lender Disgorgement Payment owed by such Term Loan Lender Defendant shall be sufficient to fully and unconditionally discharge and release any Surety Bonds posted by the applicable Term Loan Lender Defendant with respect thereto; and it appearing that the relief requested in the Motion is in the best interests of the Liquidation Trust, its beneficiaries and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the parties having certified, in accordance with Local Rule 9013-1(C)(1), that all lenders affected by the relief requested in the Motion have consented to such relief; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

    1.    The relief requested in the Motion is granted.

    2.    The Clerk of the Bankruptcy Court is authorized and directed, within five (5) days of the date of the entry of this Order, to wire the Escrowed Funds in accordance with the instructions set forth on **Exhibit 1** attached hereto.

---

[1] Capitalized terms used herein but not otherwise defined have the meaning ascribed to them in the Motion.

3. Upon (a) payment by a Term Loan Lender Defendant, or its designee, of its Term Loan Lender Disgorgement Payment to the Liquidation Trust, (b) receipt by such Term Loan Lender Defendant, or its designee, of confirmation from the Liquidation Trust that the Liquidation Trust has received such payment and (c) receipt by the surety company that posted the bond in respect of such Term Loan Lender disgorgement obligation of proof that the Liquidation Trust has received such payment, (i) any Surety Bond posted with a surety company by such Term Loan Lender Defendant in respect of its Term Loan Lender Disgorgement shall no longer be required and shall be fully and unconditionally discharged, released and exonerated, and such Term Loan Lender Defendant and such surety company in respect of such supersedeas bond shall be fully and unconditionally discharged and released from any and all past, present and future liability arising under or in connection with the issuance of such bond (and any instrument representing or evidencing such bond shall be returned to such Term Loan Lender Defendant or, if so directed by such Term Loan Lender Defendant, to such surety company) and (ii) such Term Loan Lender Defendant will be fully and finally released from, and the Liquidation Trust shall be deemed to fully and finally waive with respect to such Term Loan Lender Defendant in respect of the Term Loan Lender Disgorgement Payments owed by such Term Loan Lender or any other amounts as may be adjudged or awarded against such Term Loan Lender Defendants in respect of the Term Loan Lender Disgorgement Payments in connection with the Committee Action; <u>provided</u>, <u>however</u>, that nothing in this paragraph is intended to relieve a surety company of its obligation to otherwise make payments pursuant to paragraphs 87(b) and 88(f) of the Confirmation Order.

4. This Order shall be effective immediately upon entry.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:

| | |
|---|---|
| **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**<br>Patricia A. Redmond (Florida Bar No. 303739)<br>150 West Flagler Street<br>Miami, FL 33130<br>Telephone: (305) 789–3553<br>Facsimile: (305) 789–3395 | **BERGER SINGERMAN LLP**<br>Paul Steven Singerman (Florida Bar No. 378860)<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 755-9500<br>Facsimile: (305) 714-4340 |
| –and– | –and– |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Daniel H. Golden (New York Bar No. 1133859)<br>Philip C. Dublin (New York Bar No. 2959344)<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872–1000<br>Facsimile: (212) 872–1002 | **KIRKLAND & ELLIS LLP**<br>Richard M. Cieri (New York Bar No. 4207122)<br>Joshua A. Sussberg (New York Bar No. 4216453)<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 |
| –and– | *Co-counsel to the TOUSA Liquidation Trust* |
| **ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP**<br>Lawrence S. Robbins (DC Bar No. 420260)<br>Michael Waldman (DC Bar No. 414646)<br>1801 K Street N.W., Suite 411-L<br>Washington, DC 20006<br>Telephone: (202) 775-4500<br>Facsimile: (202) 775-4510 | |

*Co–counsel to the TOUSA Liquidation Trust*

**EXHIBIT 1**

| Amount | Payee | Wire Instructions |
|---|---|---|
| $ 5,202,040.33 | Liquidation Trustee | Bank: Wells Fargo Bank NA<br>401 E Jackson Street, Ste 1450<br>Tampa, FL 33602<br><br>ABA #: 121000248<br><br>Account Name: TOUSA, Inc. FBO Conveying Subsidiaries<br><br>Account Number: 2000049242526 |
| $ 94,222.69 | First Lien Term Loan Agent | Bank: Citibank NA<br><br>ABA: #021-000-089<br><br>Account Name: Medium Term Finance <TOUSA><br><br>Account Number: 3685-2248 |
| $ 20,092.82 | CGDO, LLC As Agent For Chilton Global Distressed Opportunities Master Fund, LP / CGDO, LLC | Bank: Chase Manhattan Bank, N.Y.<br>ABA #: 021-000-021<br>FAO Account Name: Goldman Sachs & Co., N.Y.<br>FAO Account #: 066642426<br>FFC Account Name: Chilton Global Distressed, Side Pocket<br>FFC Account #: 002-44241-6 |
| $ 1,680,775.67 | Fidelity Fixed Income Trust: Fidelity Strategic Real Return Fund / STRLRRE | Bank: Mellon, NA<br>ABA #: 011001234<br>DDA #: 115762<br>Cost Center 6630<br>Ref: Strategic RR Real Estate Sub/FMRF2507802 |
| $ 1,686,545.80 | Fidelity Reoi Cayman Ltd / REOPICYM | Bank: State Street Bank and Trust Company<br>Boston, MA 02101 |

| | | |
|---|---|---|
| | | ABA #: 011000028 |
| | | DDA: 10331064 |
| | | Ref: Fund IMJB |
| $ 60,374.51 | Foothill Group, Inc. / Wells Fargo Foothill | Bank: Wells Fargo Bank |
| | | City: San Francisco, CA |
| | | ABA #: 121-000-248 |
| | | A/C Name: The Foothill Group, Inc. |
| | | A/C #: 6355010512 |
| | | Ref: TOUSA /AIM |
| $ 54,078.06 | HBK Master Fund, L.P. | The Bank of New York Mellon |
| | | ABA Routing No: 021000018 |
| | | HBK Master Fund L.P. |
| | | Account No. 8900503904 |
| | | Re: Tousa |
| $ 124,369.36 | Perry Principals LLC / Perry Capital | Bank: JP Morgan Chase |
| | | ABA #: 021-000-021 |
| | | FAO Account Name: JPMCC |
| | | FAO Account #: 066001633 |
| | | FBP Account Name: Perry Principals LLC |
| | | FBP Account #: 102-00514-29 |
| $ 2,704,718.50 | Cyrus SPV I LLC, on behalf of Promethean I Master Ltd. (F/K/Agaia Offshore Master Fund Ltd.) | Bank: First Republic |
| | | ABA: 321-081-669 |
| | | FFC Account Name: Cyrus SPV I LLC |
| | | FFC Account #: 80000414525 |
| $ 34,919.05 | Cyrus SPV I LLC, on behalf of Promethean II Master LP | Bank: First Republic |
| | | ABA: 321-081-669 |
| | | FFC Account Name: Cyrus SPV I LLC |
| | | FFC Account #: 80000414525 |